UNITED STATES *v.* ACRI ET AL.

No. 33.  Argued November 16, 1954.—Decided January 10, 1955.

*Charles K. Rice* argued the cause for the United States. With him on the brief were *Solicitor General Sobeloff, Assistant Attorney General Holland, Ellis N. Slack, A. F. Prescott* and *Fred E. Youngman.*

*Francis B. Kavanagh* argued the cause and filed a brief for Oravitz, respondent. With him on the brief was *Israel Freeman.*

MR. JUSTICE MINTON delivered the opinion of the Court.

This case involves the relative priority between an attachment lien and the liens of the United States for unpaid taxes. The District Court found the attachment

lien prior to the liens of the United States, and the Court of Appeals affirmed without opinion. We granted certiorari, 347 U. S. 973.

On August 11, 1948, the United States filed suit in the District Court for the Northern District of Ohio to collect unpaid income taxes for the years 1942–1946 against one Acri and his wife. Acri was at the time in the penitentiary for the murder of one Oravec, whose personal representative, Oravitz, had, on August 6, 1947, in Mahoning County, Ohio, filed an action against Acri for wrongful death. On the same date, certain cash and bonds of Acri, which were in his safety deposit box in the Dollar Savings and Trust Company, were attached by Oravitz. The box was not opened until September 11, 1948, after the bank had been made guardian of Acri, at which time an inventory was filed. The personal representative, Oravitz, and the bank, as guardian of Acri, were made parties to the Government's suit.

On January 19, 1949, the personal representative of the murdered man recovered judgment against Acri in the sum of $18,500. In the meantime, on November 18, 1947, after the issuance of the writ of attachment, but more than a year before the judgment in the main action for wrongful death, the assessment lists for unpaid income taxes of Acri and his wife for the years 1942–1946 were received in the office of the Collector of Internal Revenue. On November 19, 1947, demand for payment was mailed to Acri. On November 21, 1947, a notice of the tax liens was filed in the office of the Recorder in Mahoning County, Ohio, which is the residence of the defendants and the location of the Acris' property, and the place where the action for wrongful death was begun. Notice and levy of the tax liens were served upon the Dollar Bank. It was stipulated that the only question involved was the relative priority of the attachment lien of the

personal representative and the tax liens of the United States.

The issue here is identical with that in *United States* v. *Security Trust Co.*, 340 U. S. 47. There the question was stated as follows:

> "The question presented here is whether a tax lien of the United States is prior in right to an attachment lien where the federal tax lien was recorded subsequent to the date of the attachment lien but prior to the date the attaching creditor obtained judgment." 340 U. S., at 48.

Our answer here is the same as in the *Security Trust Company* case and for the same reasons.

The relative priority of the lien of the United States for unpaid taxes is, as we said in *United States* v. *Waddill Co.*, 323 U. S. 353, 356, 357; *Illinois* v. *Campbell*, 329 U. S. 362, 371; *United States* v. *Security Trust Co.*, 340 U. S. 47, 49, always a federal question to be determined finally by the federal courts. The state's characterization of its liens, while good for all state purposes, does not necessarily bind this Court. *United States* v. *Waddill Co.*, 323 U. S. 353, at 357; *United States* v. *Gilbert Associates*, 345 U. S. 361. Therefore, the fact that the Ohio courts had designated an attachment lien "an execution in advance," *Rempe & Son* v. *Ravens*, 68 Ohio St. 113, 67 N. E. 282, and treated it as a perfected lien at the time of attachment, does not bind this Court. We must look at the circumstances as we did in the *Waddill* case, where the Virginia court had held a landlord's lien was fixed, specific, and not inchoate. This Court, after examining the facts, found otherwise. In *Gilbert Associates*, the New Hampshire court had held that the assessment of a tax was a judgment and the United States' lien for taxes was not valid against the tax assessment made by the

town within the meaning of § 3672 of the Internal Revenue Code.* We held that although New Hampshire might treat its tax assessments as judgments for state purposes, the assessment of the tax was not a judgment within the meaning of § 3672. We hold here that the attachment lien in Ohio is for federal tax purposes an inchoate lien because, at the time the attachment issued, the fact and the amount of the lien were contingent upon the outcome of the suit for damages.

In argument it was pointed out that the statute of California involved in the *Security Trust* case was different because California courts had held an attachment lien to be inchoate and a mere notice of a more perfect lien to come, while Ohio courts had held it to be an execution in advance and a lien perfected as of the time of attachment. This distinction is immaterial for purposes of federal law. This case is not to be distinguished from *United States* v. *Security Trust Co.,* 340 U. S. 47, and the judgment is

*Reversed.*

---

* "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector . . ." etc.