UNITED STATES of America, Plaintiff,

v.

James E. BAILEY, New Milford Tractor Company, New Milford Oil Company, H. H. Taylor & Son, Leonard McMahon, Defendants.

Civ. A. No. 5409.

United States District Court
D. Connecticut.

July 16, 1955.

Simon S. Cohen, U. S. Atty., Robert M. FitzGerald, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Norman S. Dube, New Milford, Conn., for N. M. Tractor Co.

James E. Bailey, per se.

Ferriss & Anderson, New Milford, Conn., for N. M. Oil Co.

Leonard McMahon, Danbury, Conn., per se.

J. JOSEPH SMITH, Chief Judge.

The issue in this case is the relative priorities to be accorded to liens of the plaintiff and defendants New Milford Oil Company and New Milford Tractor

Company which have attached to the $3,646.72 belonging to the taxpayer Bailey as his share in his son's estate now held by defendant McMahon.

The government claims its tax liens arose under Section 3671 of Title 26 of the United States Code when the Collector of Internal Revenue received assessment lists in December 1947 showing taxes of $2,055.71 due, in May and June 1948 showing $2,753.65 of unpaid taxes, and in April 1950 showing $969.65 of taxes in arrears. The tax liens were filed with the Clerk of the United States District Court in New Haven and with the Town Clerk in New Milford in April 1948, July and August 1948, and in June 1952.

The defendant New Milford Oil Company claims an interest in the money through a garnishment of May 27, 1952, and a judgment for $155.90 which followed on July 21, 1952.

The defendant New Milford Tractor Company claims an interest in the money by virtue of an attachment of the estate of Bailey's son, as to any interest Bailey might have in it, made on March 20, 1951, when the company brought suit on a judgment of June 16, 1950, for approximately $825.

The claims of the government are supported by the affidavit of Joseph I. Kopelman, Chief of the Special Procedures Section of the Internal Revenue Bureau in Connecticut. The defendants, who do not dispute the factual basis of the government's claims, offer their own claims in their answers to the complaint and do not attach any supporting affidavits.

█ Under Section 3671 the amounts due became liens against the property of the taxpayer, real or personal, and including all after acquired property. See Glass City Bank of Jeanette v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56.

All of the tax liens arose prior in time to any of the defendants' liens. To be valid against any mortgagees, pledgees, purchasers, or judgment creditors, Section 3672 requires that notice be given by filing in accordance with the appropriate state statute. Section 7213 of the Connecticut General Statutes, 1949 Revision, specifies that United States liens be filed in the land records of the town where the debtor's land exists or in the town clerk's office of the debtor's residence for personal property.

█ As against the defendant New Milford Oil Company the liens arising in December 1947, and May and June 1948, were perfected in April 1948, and July and August 1948. The filing in June 1952 of the tax lien arising in April 1950, while it followed the Oil Company's attachment in May of 1952, preceded the judgment secured in July 1952, and it also is entitled to priority. See United States v. Security Trust & Sav. Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53, and United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264.

█ As against the New Milford Tractor Company, the tax liens were prior in time and therefore prior in right. The attachment lien is not of the type requiring notice by filing under Section 3672 and no claim is made apparently that a judgment lien arose under the June 16, 1950, judgment. Even if a claim was made that there was a judgment lien in 1950, the filings in 1948 of liens totaling approximately $4,800 would give the government priority and would consume the fund in question. However such claim has not been made.

It appears that the government is entitled to the relief sought.

The motion for summary judgment is granted. Form of judgment may be submitted on notice.