APRIL 9, 1956.

No. 699. UNITED STATES *v.* WHITE BEAR BREWING CO.,
INC. ET AL. On petition for writ of certiorari to the
United States Court of Appeals for the Seventh Circuit.
*Per Curiam:* The petition for writ of certiorari is granted
and the judgment is reversed. Dissenting opinion by
MR. JUSTICE DOUGLAS in which MR. JUSTICE HARLAN
concurs. *Solicitor General Sobeloff, Acting Assistant
Attorney General Rice* and *Harry Baum* for the United
States. *Kenneth F. Burgess, Edward P. Saltiel* and
*William H. Avery, Jr.* for the White Bear Brewing Co.
et al., respondents. .

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE HARLAN
concurs, dissenting.

I dissent. The Court holds that a federal tax lien has
priority over a statutory mechanic's lien, even though the
mechanic's lien was specific, prior in time, perfected in
the sense that everything possible under state law had
been done to make it choate, and was being enforced
before the federal tax lien arose. The mechanic's lien
arose out of a contract to furnish labor and materials for
the improvement of the real estate. The contract had
been performed, the mechanic's lien recorded for a specific
amount, and suit instituted to enforce the lien—all before
the federal taxes were assessed and the tax liens recorded.
Moreover, by the time the United States filed the present
action to foreclose its tax liens, the mechanic's lien had
been reduced to judgment, and the real estate sold at
public auction and transferred by the purchaser to others.
In *United States* v. *City of New Britain,* 347 U. S. 81, 84,
we said that liens under state law were "perfected in the
sense that there is nothing more to be done to have a
choate lien—when the identity of the lienor, the property
subject to the lien, and the amount of the lien are estab-
lished." Accordingly, we held that the principle that

"the first in time is the first in right" (*id.*, at 85) should be applied. I would apply the same principle here.

None of our other cases stands in the way. *United States* v. *Security Trust & Savings Bank,* 340 U. S. 47, involved a general inchoate attachment lien which had been procured by the holder of an unsecured note. The attachment lien gave no right to proceed against the property unless the lienor obtained a judgment within three years. In *United States* v. *Acri,* 348 U. S. 211, the attachment lien was contingent upon the outcome of the suit for damages and was therefore "inchoate." *Id.,* at 214. The same was true of the lien of the garnisher in *United States* v. *Liverpool & London Ins. Co.,* 348 U. S. 215. In *United States* v. *Scovil,* 348 U. S. 218, the landlord's distress lien was "only a caveat of a more perfect lien to come." *Id.,* at 220. And in *United States* v. *Colotta,* 350 U. S. 808, the mechanic's lien which we subordinated to the federal tax lien had become definite in amount but no steps had been taken to file the statutory *lis pendens* notice nor to enforce the lien before the federal lien arose and was recorded.

Here the lien is not general and inchoate. It is specific and choate. The lienor had an immediate right to "enforce his lien" against the property. Ill. Rev. Stat., 1953, c. 82, § 9. This is clearly more than "merely a *lis pendens* notice that a right to perfect a lien exists." 340 U. S., at 50. Indeed, the mechanic's lienor had instituted suit to enforce the lien before the federal tax lien arose and had completed enforcement of the lien by the time the United States instituted the present action.

The Court apparently holds that under 26 U. S. C. § 3670 a lien that is specific and choate under state law, no matter how diligently enforced, can never prevail against a subsequent federal tax lien, short of reducing the lien to final judgment. That is new doctrine, not warranted by our decisions, and supportable only if the *New Britain* case were overruled.