UNITED STATES of America,
Plaintiff,

v.

INDUSTRIAL COMMISSION OF
WISCONSIN,

and

Television Service Engineers, Inc.,
Defendants.

Civ. A. No. 2683.

United States District Court
W. D. Wisconsin.

Nov. 14, 1957.

George E. Rapp, U. S. Atty., John C. Fritschler, Jr., Asst. U. S. Atty., Madison, Wis., for plaintiff.

W. H. Putnam, Atty., Industrial Commission of Wisconsin, Madison, Wis., for defendant Industrial Commission.

STONE, District Judge.

The plaintiff, United States of America, having removed this action from the Circuit Court of Dane County pursuant to Section 1444, Title 28 U.S.C.A. seeks to enforce a claimed federal tax lien against funds which came into the hands of the Dane County Sheriff pursuant to his levy and sale of property of the defendant Television Service Engineers, Inc. under a warrant issued by the defendant Industrial Commission of Wisconsin for delinquent unemployment compensation contributions or taxes. The plaintiff asks for a determination of the relative priority of the claims of the United States and the Industrial Commission of Wisconsin, and for a deficiency judgment against Television Service Engineers, Inc. The defendant Industrial Commission of Wisconsin contends that the federal taxes in question were not assessed in compliance with the Internal Revenue Code, that demand was not made upon the taxpayer for payment of the taxes, that the lien of the United States is not specific and perfected, and is invalid. It asks judgment declaring that its alleged tax lien has priority over the tax lien of the plaintiff.

The defendant Television Service Engineers, Inc. is in default.

This action having been tried by the Court, the Court now makes findings of fact and conclusions of law as follows:

### Findings of Fact

1. That there is now deposited in this Court the sum of $653.67, representing the proceeds of the Dane County Sheriff's sale of the property seized pursuant to the warrant of the Industrial Commission of Wisconsin. That the United States of America and the Industrial Commission of Wisconsin both claim prior liens on said fund.

2. That demand was made upon the taxpayer, Television Service Engineers, Inc., on March 15, 1954, for payment of the tax owing plaintiff as shown upon the Unit Ledger Card, which demand was made within 10 days after the making of the assessment and was mailed to the taxpayer's last known address, as required by Statute.

3. That the Unit Ledger Card in evidence herein is a writing or record within the meaning of 28 U.S.C.A. § 1732 and records of account or minutes of proceedings within the meaning of 28 U.S. C.A. § 1733.

4. That demand was made upon Television Service Engineers, Inc. for payment of the sum of $5,034.85 on a Form 17 WE.

5. That as appears from the plaintiff's records the normal course of business was followed by the Office of the District Director in making said demand for payment.

6. That on February 28, 1955, there was filed in the Office of the Register of Deeds, Dane County, Wisconsin, and in the office of the Clerk of the District Court for the Western District of Wisconsin, a "Notice of Tax Lien", Form 668, covering the aforementioned taxes.

7. That no levy, attachment, or seizure was made by the United States of America upon the property of the taxpayer involved, prior to the seizure of the Industrial Commission of Wisconsin, nor was any specific property to which the lien attached listed in the "Notice of Tax Lien" aforementioned.

8. That the warrant placed in the hands of the Sheriff by the Industrial Commission of Wisconsin was not docketed with the Circuit Court as required by Section 108.22(2), Wisconsin Statutes 1953 to give a lien upon real property.

9. That the United States made a valid assessment of taxes as evidenced by the tax return, Form 941, the Unit Ledger Card, the Liability Sheet, the Summary Sheet, the Journal, Form 767, and the Assessment Certificate, Form 23c, signed by the then District Director of Internal Revenue on March 5, 1954.

### Conclusions of Law

■ 1. That the United States of America, having made demand for $5,-034.85 pursuant to Section 3655 of the Internal Revenue Code of 1939 (26 U.S.C.A. § 3655), acquired a lien upon all property and rights to property of the taxpayer pursuant to Section 3670 of the Internal Revenue Code of 1939 (26 U.S.C.A. § 3670) in that amount. This amount has been reduced to $1,953.46 by payments and credits to the taxpayer's account.

■ 2. The lien of the United States arose on March 5, 1954, the date of signing of the Assessment Certificate pursuant to Section 3671 of the Internal Revenue Code of 1939 (26 U.S.C.A. § 3671). This is in fact a valid tax lien and not a mere inchoate lien or right to a lien. United States v. City of Greenville, 4 Cir., 1941, 118 F.2d 963.

■ 3. The lien of the United States became enforceable as to judgment creditors on February 28, 1955, the date of filing of the Notices of Tax Lien, Form 668, pursuant to Section 3672 of the Internal Revenue Code of 1939 (26 U.S.C.A. § 3672).

■■ 4. At the time of the seizure by the Sheriff of Dane County on March 7 and 8, 1955, the property was subject to the lien of the United States. Relative priority is a federal question to be determined by the Federal Courts. United States v. Acri, 1955, 348 U.S. 211, at page 213, 75 S.Ct. 239, 99 L.Ed. 264. The alleged lien of the Industrial Commission claimed to have been acquired by its seizure of the property by the Sheriff, would, if valid, be subsequent to the specific and perfected lien of the United States. United States v. City of New Britain, 1954, 347 U.S. 81, at page 85, 74 S.Ct. 367, 98 L.Ed. 520.

5. The plaintiff, United States of America, is entitled to judgment as follows:

Payment to the United States of the funds in the hands of the Court in the amount of $653.67, and a deficiency judgment against Television Service Engineers, Inc., in the amount of $1,299.79.

Let judgment be entered accordingly.