David Kusnetz, J.
In the account of the assignee for the benefit of creditors herein, filed on June 28, 1957, he reported that he had a balance on hand of.................. $3,147.90
In the order of this court, dated August 1, 1957, settling the assignee’s account, administration expenses were fixed in the total sum of........ 1,309.22
Leaving a balance for distribution of..... $1,838.68
Of this balance, Eastern Building Supply Company (hereafter referred to as Eastern) was ordered paid, as a priority claim, the sum of.......... 1,473.84
Leaving a balance of..................... $ 364.84
which was directed to be paid to the District Director of Internal Revenue of the United States for Brooklyn and New York on account of its claim for taxes against the assignor.
By an order of this court dated October 4, 1957, disposing of a contested motion made by City Wide Lathers Co. Inc. (hereafter referred to as City Wide), the account of the *743 assignee filed on June 28, 1957 was opened and the order dated August 1, 1957, vacated for all purposes to enable the claims of the United States Treasury Department and City Wide to be received, evaluated and adjudicated. Upon that motion, it appeared that the administration expenses in the sum of $1,309.22 had already been distributed and the sum of $364.84 paid to the United States District Director of Internal Revenue. The sum of $1,473.84, which was directed to be paid to Eastern, however, was withheld because of a communication received from the United States Treasury Department advising the attorney for the assignee that the government had overlooked the return date of the application to settle the assignee’s account, and a telephone communication from the attorney for City Wide that it intended to make the motion, which resulted in the order dated October 4, 1957, as aforesaid.
In the assignee’s supplemental account, sworn to on October 29, 1957 following the receipt of all claims, the claims of Eastern and of City Wide were allowed only as general claims and disallowed as priority claims; the balance of $1,473.84 still in the hands of the assignee was allowed to the United States government over and above the sum of $364.84 previously paid to it on account of its claim for taxes against the assignor.
The claims of Eastern and City Wide were based upon the filing of mechanic’s liens for $1,473.84 and $1,361.20 respectively, on October 24, 1955 and September 28, 1955 respectively. Since neither of these mechanic’s lienors refiled their notices of mechanic’s liens within one year from the dates of their respective original filing nor within that time commenced an action to foreclose such liens, accompanied with the filing of a notice of pendency of action, it is the position of the assignee that each of said lienors lost their lien under the provisions of section 17 of the Lien Law; that, as a result, they became merely general creditors entitled to no preference over the United States Government or any other governmental agency for taxes.
The United States Attorney, appearing for the United States of America, has submitted an affidavit in which he claims priority for the Government by reason of the assignor’s indebtedness for the nonpayment of Federal taxes in accordance with its amended claim filed on or about July 19, 1957 in the sum of $5,208.24. Eastern, which originally opposed the motion to reopen this proceeding, submitted no papers in opposition to the supplemental account. City Wide, however, appearing by an attorney, submitted an affidavit in which it claims priority over the claim of the United States Government *744 as a “ cestui-que trustent, the beneficiary of trust funds which have been traced to and are presently in the hands of the Assignee.” Its claim of priority is based upon the fact that the assignor engaged it to do work for the improvement of real property and that the assignor, or the assignee on its behalf, received payment from the owner for this improvement and such funds were trust funds within the meaning of section 36 of the Lien Law. Consequently, it is entitled as such cestui que trust to the sum of $1,361.20 with interest.
The court is of the opinion that City Wide has no priority over the claim of the United States Government for unpaid taxes of the assignor.
In United States v. Acri (348 U. S. 211, 213), the United States Supreme Court said: “ The relative priority of the lien of the United States for unpaid taxes is * * * always a federal question to be determined finally by the federal courts. The state’s characterization of its liens, while good for all state purposes, does not necessarily bind this Court.” Thus, the United States Supreme Court held that a Federal tax lien was entitled to priority over a mechanic’s lien notwithstanding State law to the contrary. (United States v. Colotta, 350 U. S. 808.) In that case, a materialman had performed work under a contract with the taxpayer prior to the time that a Federal tax lien had accrued or been filed. Under section 356 of the Mississippi Code of 1942, a mechanic’s lien was declared perfected from the time of contracting. The Supreme Court of Mississippi gave priority to such a lien. (224 Miss. 33.) The United States Supreme Court, however, granted certiorari and reversed without opinion thereby holding that the Federal tax lien was entitled to priority notwithstanding that it had accrued or was filed subsequent to the effective date of the mechanic’s lien.
In the instant case, City Wide no longer has an enforcible lien (Lien Law, § 17). Its sole basis for priority is section 36 of the Lien Law pursuant to which a trust is created in the fund in the hands of the owner which must first be applied for the purpose of paying the cost of the improvement. That section provides that “ Such trust may be enforced by civil action * * * by any person entitled to share in the fund, whether or not he shall have filed, or had the right to file, a notice of lien or shall have recovered a judgment for a claim in connection with the improvement.” In United States v. Kings County Iron Works (224 F. 2d 232), the United States Court of Appeals for the Second Circuit, held (p. 237), however that a mechanic’s lienor is not entitled to protection either *745 as statutory assignee or trust beneficiary “within any of the special classes against whom filing is required.” The court also said (pp. 235-236): “Until and unless the mechanic’s lienor perfects his rights to the trust fund by filing a timely civil action in accordance with § 75 of N. Y. Lien Law, the contractor retains a paramount interest in the property in question, so that the debt belongs to him and is subject to federal levy as such. Furthermore, until such a suit is brought, the fact and the amount of the final mechanic’s lien remain uncertain. This means that for federal tax purposes the state lien is general and inchoate until such time.”
In light of all of the foregoing, the court is of the opinion that City Wide has no priority over the tax claim of the United States Government either as a mechanic’s lienor or a trust beneficiary. Accordingly, the supplemental account of the assignee, dated October 29, 1957, is settled and approved as submitted. The application of the attorney for the assignee for an additional allowance is granted to the extent of $75, in view of the substantial fee he has already been allowed and paid in this matter. The balance remaining in the hands of the assignee, after the payment of the foregoing additional allowance, will be paid to the United States Government on account of its claim for taxes agaiiist the assignor, in addition to the $364.84 already paid.
Settle order.