UNITED STATES of America,
Plaintiff,

v.

OAKLAND TRUCK SALES, INC., A. H. Neaman Company, Commonwealth of Pennsylvania, Hartford Fire Insurance Company, and The Connecticut Bank and Trust Company, Defendants.

Civ. A. No. 61–429.

United States District Court
W. D. Pennsylvania.

July 23, 1962.

Bernard J. Brown, U. S. Atty., Pittsburgh, Pa., for plaintiff.

John A. Metz, Jr., Pittsburgh, Pa., and David Stahl, Atty. Gen., Harrisburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding it is not in dispute that the Government had its tax lien filed against Oakland and that subsequent to the filing, a fire occurred, destroying part of the realty and personalty which was subject to the lien.

Three days after the fire, the insured, Oakland, executed an assignment to Neaman to adjust the fire loss, concerning which adjustment the following facts are evident:

(a) The fund now before the court for distribution would not have been as substantial had it not been for the services of Neaman.

(b) The 5% compensation provided for the adjuster under its contract was reasonable.

(c) Under the agreement between the adjuster and the insured, the adjuster was to look for its compensation solely to the moneys collected.

(d) The Government had knowledge of the work being done by the adjuster while the same was transpiring.

The sole question for determination is whether the Government lien is prior and superior to the lien of Defendant Neaman.

■ The relative priority of the lien of the United States for unpaid taxes is always a federal question to be determined finally by the federal courts. The state's characterization of its liens, while good for all state purposes, does not necessarily bind this court. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264.

In the application of equitable relief I would be most prone to grant Neaman Company priority in recognition of the important role it played in assisting in bringing about the amount of the fund. I have always felt that the rendition of services always merits just and adequate compensation.

■ Nevertheless, statutory lien concepts are not determined by equities but must be governed by the interpretation of the federal statutes as construed by the federal courts.

■ The liens of the United States are all embracing, and it is only in circumstances where a claimant to a fund can fall into the classifications enumerated in Section 6323 of the Internal Revenue Code before the lien of the United States can be defeated. 26 U.S.C.A. § 6323; United States v. Gilbert Associates, Inc., 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071.

In this connection, it cannot be shown that Neaman Company is a mortgagee, judgment creditor, purchaser or pledgee.

■ The liens of the United States were filed on January 15, 1958, in Beaver County, and on March 15, 1958, in Allegheny County, Pennsylvania. The fire occurred on November 11, 1958, and the agreement between Neaman and the Oakland Truck Sales was entered into on November 14, 1958.

Thus, notice of the federal tax liens had been filed prior to any contract entered into between Oakland and Neaman. At the time the liens were entered, Neaman's claim was non-existent and the ultimate amount was contingent on the outcome of the amount derived from the insurance carrier, so that even at that stage of the proceeding it was but a "caveat of a more perfect lien to come." U. S. v. Scovil, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271. See U. S. v. Pay-O-Matic Corp., D.C., 162 F.Supp. 154, affirmed 2 Cir., 256 F.2d 581, cert. den. 358 U.S. 830, 79 S.Ct. 50, 3 L.Ed.2d 68.

As to the fact that government agents were on notice of the services being rendered and consented thereto, any agreement entered by any agent of the Government does not bind or estop the Government since the Government is not bound by such agent's acts or declarations unless it can be shown that they acted within their authority. Kelly v. U. S., 91 F.Supp. 305, 116 Ct.Cl. 811, cert. den. 340 U.S. 850, 71 S.Ct. 78, 95 L.Ed. 623.

I must, therefore, conclude that the claim of A. H. Neaman Company is subordinate to the federal tax lien. U. S. v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.

An appropriate Order is entered.