536

GEISINGER ET, PLAINTIFF, *v.* EAST OHIO GAS COMPANY ET, DEFENDANTS.

Common Pleas Court, Tuscarawas County.

No. 36207.   Decided October 22, 1963.

*Messrs. Smith, Renner, Hanhart & Miller,* for the Receiver.

*Messrs. Pomerene, Burns, Milligan & Frase,* for the National Bank of Dover.

*Messrs. Fitzpatrick & Zimmerman,* for New Philadelphia Welding, Inc.

*Mr. John Woodard,* for Kenneth Lanzer et al.

*Mr. Merle M. McCurdy,* United States Attorney, and *Mr. Nathaniel R. Jones,* Assistant U. S. Attorney, for the U. S. Government.

*Mr. Stanley T. Campbell,* for the East Ohio Gas Company.

LAMNECK, J.   This action was instituted by the plaintiff as receiver for the R-H-R Construction Company, hereinafter referred to at times as the "Contractor" in which he alleges that one of the defendants, The East Ohio Gas Company, hereinafter referred to at times as "The Gas Company" has money in its hands due the R-H-R Construction Company for work performed by the R-H-R Construction Company for the East Ohio Gas Company under several written contracts for pipe line construction.

It is admitted by all parties to this action that the amount due and payable from the East Ohio Gas Company to the R-H-R Construction Co. for work in progress as of April 28, 1960 was $9,177.38.   The receiver asks that all parties claiming a lien against said fund be required to set forth their claims, that said liens be marshalled and their priority be determined, and for other equitable relief.

The R-H-R Construction Co. was dissolved on June 15, 1960.

All of the contracts of the R-H-R Construction Co. with the East Ohio Gas Company were made effective by the acceptance of a proposal of the contractor. The agreements provided that the work to be done would be "in accordance with the Company's General Contract Specifications for Construction and Removal of Gas Lines—Standard Operating Procedure No. 2-M." which was made a part of the contracts.

Section 9 of said specifications reads as follows:—

"9—*PAYMENT FOR WORK*

"The Company will pay the Contractor in the following manner, in accordance with unit prices bid:—The Contractor shall present itemized bills for the completed work in accordance with location and contract, line, project, and job order numbers as set forth in the unit price bid sheet. Upon receipt of the Contractor's bill and the approval of the Company's engineer, the Company shall pay the full amount of the bill, less a 10% retainer, herein specified, provided the Contractor has complied, in all respects, with the Mechanic's Lien Laws of Ohio, and furnished affidavit in compliance with said laws to the satisfaction of the Company."

Section 16 of said specifications reads as follows:—

"16—*RETAINER*

"A retainer of 10 percent of all moneys due the Contractor for the work provided to be performed by him in these Specifications and in the contract of which these Specifications are a part may be held by the Company until not later than ninety days after the completion of all such work in accordance with said contract, including all final clean-up and replacement work."

Section 17 of said specifications contains the following provision:

"If the contractor fails to maintain or complete such work as aforesaid, such maintenance or completion may be done by the Company and the costs thereof deducted from the retainer held by it hereunder."

The Director of Internal Revenue claims a preferred lien against said fund for income tax liabilities as follows:—

1. For the fourth quarter of 1959, in the amount of $12,770.32, assessed on March 18, 1960.

2. Depository Receipts penalty for the first quarter of 1960 in the amount of $42.18 assessed on September 16, 1960.

3. Withheld income tax liabilities for the second quarter of 1960 in the amount of $31.38, assessed on September 16, 1960.

Notice of the March 18, 1960 assessment was filed with the Recorder of Tuscarawas County, Ohio, on April 22, 1960, and the August 12, 1960, and the September 16, 1960, assessment notices were likewise filed on October 27, 1960.

Notice of a Tax Levy against the R-H-R Construction Co. in the amount of $12,770.32 was filed by the Director of Internal Revenue with the East Ohio Gas Company on April 22, 1960. The total amount due the Government for income tax, interest and penalties from the R-H-R Construction Company amounts to $12,843.88 plus interest.

The National Bank of Dover entered into an agreement with R-H-R Construction Company on June 5, 1959, under which said bank agreed to advance moneys to the said R-H-R Construction Company to finance its construction work as provided by Section 1325.01 and 1325.04, Revised Code, then in effect.

Said agreement and notice reads as follows:

"NOTICE OF ASSIGNMENT OF ACCOUNTS
RECEIVABLE"
"For filing with County Recorder, Tuscarawas County, Ohio.
"June 5, 1959
"The undersigned assignor is assigning contemporaneously herewith or intends to assign one or more accounts receivable to the undersigned assignee.

R-H-R Construction Company
(Signed) By William A. Hawk, Pres.

1047-½ NOrth Tuscarawas Ave.—Assignor
Dover, Ohio

THE NATIONAL BANK OF DOVER, DOVER, O.
(Signed) By E. L. Bowers Asst. Vice Pres.

301 West 3rd Street        Assignee
Dover, Ohio"

The said bank loaned money under said contract to the R-H-R Construction Co. in the total sum of $53,150.00 represented by 26 different notes beginning November 23, 1959, and ending February 10, 1960. The first note amounted to $720.00 and the last note was of the face amount of $1550.00. On the date each note was executed, the R-H-R Construction sent a notice to the East Ohio Gas Co. in which it was stated that the moneys earned for work performed up to and including the date of the note had been assigned to the National Bank of Dover. The last notice is dated February 10, 1960. There was no assignment after that date.

The total claim of the New Philadelphia Welding, Inc. against the R-H-R Construction Co. amounts to $1521.43, and is represented by eleven invoices, the first for the week ending November 23, 1959, and the last for the week ending May 2, 1960.

The New Philadelphia Welding, Inc. executed a Mechanic's Lien for said labor against the East Ohio Gas Co. dated June 17, 1960, for $1521.43, which was filed in the Recorder's Office of Tuscarawas County, Ohio, on June 18, 1960, and in the Recorder's Office of Stark County, Ohio, on June 20, 1960. The East Ohio Gas Co. received notice of this Mechanic's Lien on May 5, 1960. This lien has not been reduced to judgment.

Of this claim of New Philadelphia Welding, Inc., $458.99 is for labor performed subsequent to March 18, 1960, the date of the first aforesaid assessment of the Director of Internal Revenue against the R-H-R Construction Co.

On various dates during the month of June 1960, the East Ohio Gas Co. received notice of Mechanic's Liens of Kenneth Lanzer and 14 others for labor performed for the R-H-R Construction Co. on lines of the East Ohio Gas Company aggregating $2,525.63. All of these were filed in the Recorder's Office of Tuscarawas County, Ohio, as provided by law. These various claims represented labor performed subsequent to the assessment of the Director of Internal Revenue dated March 18, 1960. These liens have not been reduced to judgment.

Summarizing, the claims of the various parties against the fund amounting to $9,177.39 are as follows:

| | |
|---|---|
| Director of Internal Revenue | $ 12,843.88 |
| National Bank of Dover | 53,150.00 |
| New Philadelphia Welding, Inc. | 1,521.43 |
| Kenneth Lanzer and 14 others | 2,525.63 |

Under Section 1325.04, Revised Code, in effect from September 7, 1957 to July 1, 1962, an assignee of a writetn assignment "becomes protected at the time the assignee, having previously or contemporaneously filed a notice of assignment, takes an assignment during the effective period of the notice." This indicates that a valid assignment cannot be made of future accounts not yet due, but is only effective to amounts earned at the time an assignment is taken.

A protected assignee of accounts receivable has the right to the proceeds of such accounts superior to the rights of others who thereafter acquired an interest in such accounts but not as to judicial, tax or other liens in effect prior to the assignment, or to liens by way of a pledge, chattel mortgage, trust receipt or other common law or statutory liens having a priority over the assignee of accounts receivable.

Under Section 1325.01, Revised Code, in effect from September 7, 1957 to July 1, 1962, an "account receivable" includes "a right to the payment of money for the performance of work, or the rendering of services . . . ., and a right to payment which may arise under a contract *existing at the time of such right* . . ." with the exception that such assignment, among other things which do not apply in this case, *"is subject to special statutory provisions of the state or of the federal government."*

Under Section 1311.15, Revised Code, "an assignment or transfer by the principal contractor or subcontractor, to subject or encumber his interest in such contract, is subject to the claims of every laborer, mechanic, subcontractor, or materialman, who furnished any labor, machinery, material or fuel towards the construction, excavation, alteration, removal or improvement as designated in Sections 1311.01 to 1311.68, inclusive, Revised Code."

The foregoing provisions of the Revised Code make the assignment of Accounts Receivable by R-H-R Construction Company under its contract with the East Ohio Gas Co. to the National Bank of Dover, subject to the rights of employes and any subcontractor who performed labor under said contract

whose liens have been properly perfected. (See *Methodist Church* v. *Gorman Bros.*, 19 O. C. C., 10, 10 O. C. D., 103, 65 Ohio St., 613; 36 Ohio Jurisprudence (2d), 552, Section 100.)

Therefore under State Law, the assignment to the National Bank of Dover of Accounts Receivable set forth in this case is subject to the Mechanic's Lien of the New Philadelphia Welding, Inc. amounting to $1521.43 and of Kenneth Lanzer and 14 others aggregating $2525.63.

State law controls the legal interest of a taxpayer in property sought to be reached by a federal tax lien and federal law determines the priority of competing liens asserted against the property. (See *Acquilino* v. *United States*, 363 U. S., 509, 80 Sup. Ct., 1277, 4 L. Ed. [2d], 1365.)

Under Section 6321 of the Internal Revenue Code of 1954, 26 U. S. C. A., the United States has a tax lien upon "all property and rights to property" of the taxpayer. By the provisions of Section 6322 of the U. S. Revenue Code, this lien arises at the time of the assessment, but under Section 6323 of the U. S. Revenue Code, the lien is not valid "as against any *mortgagee*, pledgee, purchaser, or judgment creditor" until notice thereof shall have been filed in the Recorder's Office.

In *United States* v. *L. R. Foy Construction Co.*, 300 Fed. (2d), 207, it was held that a bank to which a subcontractor assigned sums due under such subcontract, to secure an existing obligation and further advances is a "mortgagee" within the protection of Section 6323 of the federal tax lien statutes.

This means that all moneys advanced by a bank to a taxpayer under an assignment of accounts receivable contract to secure the same as provided by Section 1325.01 et seq, Revised Code, in effect during the time covered in this controversy, prior to the filing of an income tax lien against the taxpayer in the Recorder's office would have a priority over the lien of the U. S. Government for such income taxes, as to all moneys earned by the taxpayer and assigned prior to the filing date of the income tax lien.

On the dates the federal tax lien notices in this case were filed in the Recorder's Office of Tuscarawas County, Ohio, the taxpayer owed the National Bank of Dover under its assignment of accounts receivable contract the sum of $53,150.00. The

claim of the Bank for this amount plus interest has a priority over that of the United States for income taxes against the sums earned by the taxpayer from the East Ohio Gas Co. up to and including February 10, 1960, the date of the last assignment.

In *United States of America* v. *White Bear Brewing Co., Inc., et al.*, 350 U. S., 1010, 100 L. Ed., 871, it was held "a federal tax lien has priority over a statutory mechanic's lien not yet reduced to judgment, even though the mechanic's lien was specific prior to the time perfected in the sense that everything possible under state law has been done to make it choate, and was being enforced before the federal tax lien arose." In that case the liens were against the property of the taxpayer, and involved priority of liens.

As to the claim of the Government and the Mechanic's Liens in the instant case, a question of priority of liens is not presented but it is a question as to whether the Government has a lien for income taxes against all or any part of the fund in question, and therefore *United States* v. *White Bear Brewing Co., supra,* does not apply.

The mechanic's liens filed in this case are effective against the property of the Gas Company on which the contractor did his work. Under its contracts with the contractor, the Gas Company had a right to withhhold 10% of the sums due and payable to the contractor to guarantee that all mechanic's liens would be paid. If this fund were paid to the Government for income taxes, the mechanic's liens in question would still be effective against the property of the Gas Company on which work was done.

The tax lien of the Federal Government does not attach to a fund created by the taxpayer, if the taxpayer has no right to receive such fund or a portion thereof at the time such lien attaches. (See *Scott* v. *Church*, 70 N. W. [2d], 326.)

State law determines whether a taxpayer has an interest in such a fund at the time the tax lien becomes effective. (See *Acquilino* v. *United States,* 363 U. S., 509, 80 Sup. Ct., 1277, 4 L. Ed. [2d], 1365.)

In the instant case, the Gas Company reserved the right to withhold certain payments from the contractor until the contractor "has complied in all respects with the Mechanic's

544

Lien Laws of Ohio, and furnished affidavit in compliance with said laws to the satisfaction of the Company. This the contractor did not do, and therefore the tax payer has no interest in such part of the retainages necessary to liquidate the mechanic's liens in question which amount to $4047.06.

It will therefore be ordered that said fund of $9,177.38 be paid by the East Ohio Gas Company to the Clerk of Courts of this county to be distributed by him in the following priority, as follows:

1. The costs of this proceeding taxed at $.........
2. The New Phila. Welding, Inc.          $1,521.43
3. Kenneth Lanzer                            346.15
4. Ira Ross                                   87.00
5. Robert Davis                              108.50
6. Charles H. Bihlman                        202.00
7. Henry Shull                               320.63
8. Robert Harrington                          53.10
9. Walter Harrington                         236.25
10. Richard D. Schie                         194.25
11. Russell Hawk                             200.00
12. Albert Dumermuth                          65.70
13. Ralph Eichel                              52.32
14. Loma Van Natter                          181.65
15. Robert E. Page                            85.60
16. Homer McDade                             170.93
17. Edward Carbary                           221.55

18. The National Bank of Dover any sum or part thereof due it on notes of the contractor secured by a valid assignment for work performed by the contractor for the East Ohio Gas Company up to and including February 10, 1960, if any.

19. To the Government of the United States the balance of said fund, if any.

Exceptions noted.