**LITTLE AUDREY'S TRANSPORTATION COMPANY, Inc., a corporation, Plaintiff,**

v.

**BEVERLY BANK, a corporation, et al., Defendants.**

**Civ. A. No. RI-86.**

United States District Court
S. D. Illinois, N. D.

Sept. 11, 1964.

Axelrod, Goodman & Steiner, Chicago, Ill., for plaintiff.

James P. O'Brien, Edward R. Phelps, U. S. Attys., Joseph Van Hooreweghe, Moline, Ill., William H. Leigh, Chicago, Ill., for defendants.

MERCER, Chief Judge.

This interpleader action, filed in the Circuit Court of Cook County, Illinois, was removed to the United States District Court for the Northern District of Illinois for trial. Subsequently, the suit was ordered to be transferred to this Court for disposition.

In this suit, plaintiff interpleaded the sum of $4,355.10 which it owed to James

Westerfield. That fund is claimed by Beverly Bank, the United States and the Trustee in Bankruptcy of Westerfield. The Bank has not answered the complaint. Both the United States and the Trustee have moved for summary judgment, each claiming priority to the fund.

The pertinent chronology of facts follows:

James Westerfield is a resident of Rock Island County. On April 14, 1961, a federal withholding tax assessment was made against Westerfield for the fourth quarter of 1960. A notice of a federal tax lien was filed in Rock Island County on July 26, 1961. The sum of $3,000.00 plus interest, remains unpaid on that assessment.

On March 6, 1962, the Bank obtained a judgment against Westerfield in the Municipal Court of Chicago in the amount of $4,355.10.

On May 1, 1962, a deficiency withholding tax assessment was made against Westerfield for the first quarter of 1962, and a notice of a federal tax lien was filed in Rock Island County on May 4, 1962. The sum of $870.62, plus interest, remains unpaid on that assessment.

Garnishment proceedings against the plaintiff were instituted by the Bank upon its judgment. Summons therein was served upon the plaintiff on May 8, 1962.

On May 17, 1962, the District Director levied upon the fund held by plaintiff and owed to Westerfield.

This interpleader suit was filed on August 16, 1962. On the same date, Westerfield was adjudicated a bankrupt by this Court.

 It is clear that the Bank has no assertable claim of priority to the fund. Its judgment was not a lien upon Westerfield's personal property in the hands of plaintiff until the garnishment summons was served. Morris v. Beatty, 323 Ill.App. 390, 55 N.E.2d 830. Thus, its lien was not perfected until May 8, 1962. The federal tax liens attached to the property on July 26, 1961, and May 4, 1962, respectively, when the notices of liens were filed in Rock Island County.

There can be no question that the liens of the United States are entitled to priority over any lien obtained by the Bank. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53. The Bank must be held to concede that issue by its failure to file any pleading.

 As between the contesting parties, the United States and the trustee, there is no dispute on that issue. What the trustee does contend is that the notices of the tax liens were ineffective because the property involved was not situated in Rock Island County when such notices were filed. Under Illinois law, the situs of a debt is the domicile of the creditor. Lancashire Ins. Co. v. Corbetts, 165 Ill. 592, 46 N.E. 631, 36 L.R.A. 640. That holding is consistent with the federal law relating to questions of tax liens that the situs of intangible property is determined by the domicile of the creditor. Marteney v. United States, 10 Cir., 245 F.2d 135; Investment & Sec. Co. v. United States, 9 Cir., 140 F.2d 894, 896. Westerfield was a resident of Rock Island County, and the notices of liens filed in that County were effective notice to third parties. Ill.Rev.Stat.1959, 1961, c. 82, § 66.

 It has been clearly decided that the service of a notice of levy upon a debtor of a taxpayer prior to the time when such taxpayer is adjudicated a bankrupt renders the claim of the United States superior to any right which could thereafter be acquired in such property by a creditor of the taxpayer or a trustee in bankruptcy. Rosenblum v. United States, 1 Cir., 300 F.2d 843; United States v. Eiland, 4 Cir., 223 F.2d 118. I think there is no tenable distinction between these authorities and the case at bar.

I hold that the liens of the United States are entitled to priority over the claims of the trustee.

There is no issue as to any material fact.

The motion of the United States for summary judgment is allowed, and judgment will be entered for the United States that its levies in the aggregate amount of $3,870.62, plus accrued interest, will be satisfied in full out of the interpleaded fund. The trustee's motion for summary judgment is denied to the extent that his claim is incompatible with the judgment ordered for the United States. Any balance remaining in the interpleaded fund after satisfaction of the tax lien of the United States shall be paid to the trustee.