COMMUNITY BANK OF EAST PEORIA, Plaintiff-Appellant, *v.* MEISTER BROS., INC., Defendant-Appellee.

(No. 72-275;

Third District—July 17, 1973.

Moehle, Moehle, Reardon & Assoc., of East Peoria, (Robert G. Day, of counsel,) for appellant.

Gaskins and Sutkowski Assoc., of Peoria, (Edward F. Sutkowski, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal involves an action of replevin whereby plaintiff, Community Bank of East Peoria, a secured creditor, seeks to recover possession of a Model 580 Diesel Powered Hy Hoe and a General 12 ton trailer with Pintle Hook, the collateral, from the defendant, Meister Bros., Inc., the purchaser at a federal tax sale.

On February 14, 1970, the Community Bank of East Peoria, Peoria County, Illinois, made a $7,000 loan to PSD Sewer Contractors, Inc., who at that time executed a note for $7,000 due May 13, 1970, and as security therefor executed a financing statement listing a Model 580 diesel powered Hy Hoe ditcher and a General 12 ton trailer. The financing statement was filed with the Illinois Secretary of State on February 18, 1970, and in the Recorder's Office of Peoria County, Illinois, on February 19, 1970. On or about May 13, 1970, the PSD Sewer Con-

tractors, Inc. paid the interest to date on the note but nothing on the principal indebtedness. The note was stamped "Paid" and returned to the maker. A new note dated May 13, 1970, was signed for $7,000 due 90 days after date. On September 29, 1970, again the interest was paid to date and a new note dated September 29, 1970, for $7,000 due 90 days after date was executed. On or about January 29, 1971, the borrower corporation paid the interest to date and $100 on the principal indebtedness, and a new note dated January 29, 1971, due 60 days after date for $6,900 was executed. On or about March 30, 1971, interest was paid to date, and a new note dated March 30, 1971, due 60 days after date for $6,900 was executed. On or about May 29, 1971, interest was paid to date and $100 paid on the principal indebtedness, and a new note dated May 29, 1971, due 90 days after date for $6,800 was executed. All five notes state on their face that "this loan is secured by security interests on the property above described." The above described property lists the equipment herein mentioned. All notes dated prior to May 29, 1971, were stamped "Paid" when new notes were executed in accordance with the usual practice of the bank.

On April 8, 1971, the Internal Revenue Service filed in the Recorder's Office of Peoria County, Illinois, its notice of federal tax lien against the taxpayer PSD Sewer Contractors, Inc., pursuant to section 6323(a) of the Internal Revenue Code, 26 U.S.C.A. 6323(a). Sometime in August, 1971, the Community Bank of East Peoria received a notice that the Hy Hoe and trailer had been attached for non-payment of taxes and were to be sold on October 3, 1971. An officer of the bank attended the sale and in an open discussion with the federal officer in charge of the sale asserted the bank's security interests in the equipment to be sold. The sale was postponed until November 4, 1971, when one Jack Koehl submitted the high bid of $4,000, which bid was accepted. An officer of the bank attended the sale and immediately after the bid was awarded informed Mr. Koehl of the bank's claim of a prior security interest in the equipment sold. On November 5, 1971, Jack Koehl sold the equipment to the defendant, Meister Bros., Inc., who took possession of the property. On or about November 12, 1971, the bank requested Meister Bros. to deliver up possession of the equipment and Meister Bros. declined.

On November 16, 1971, the bank obtained a certificate of title to a 1965 General flatbed trailer in the name of Community Bank of East Peoria, the application for which was signed on November 14, 1971.

On January 11, 1972, the bank filed an action in replevin seeking the recovery of the Hy Hoe and trailer. On July 3, 1972, a decision was rendered in favor of defendant Meister Bros., Inc. and against the plaintiff Community Bank of East Peoria, from which decision plaintiff appealed.

The defendant Meister Bros., Inc. argues that the lien of the bank in the trailer is subordinate to the tax lien since the bank's security interest was never perfected by the delivery to the Secretary of State of the existing certificate of title for the endorsement of the lien thereon as required by chapter 95½, sections 3—202(a)(b), Illinois Revised Statutes 1971. Plaintiff bank contends that its lien, even though unperfected, is superior to the lien of the purchaser at the tax sale since the purchaser acquired the property with knowledge of the security interest of the bank.

■■■ We concur with the appellee in regard to the trailer. The relative priority of a United States lien for unpaid taxes is a federal question. (*United States v. Acri*, 348 U.S. 211, 213, 99 L.Ed. 264, 267, 75 S.Ct. 239 (1955).) The security interest of the bank to prevail over a valid Federal tax lien must be choate (that is, the identity of the lienor, the property subject to the lien and the amount of the lien must be established) and perfected. However, a federal tax lien shall not be considered valid with respect to certain interests even though notice of the lien is filed under sections 6323(b) and (c) of the Internal Revenue Code, none of which exceptions apply to this case. Therefore, the federal rule "first in time is first in right" applies to the trailer, since the bank failed to deliver the certificate of title to the Secretary of State to note its lien thereon as required by statute, and the federal lien is a valid lien as against the creditor's lien in this case. There is no apparent reason why the bank did not perfect its lien as required by statute and should be excused for not doing so in this case. The record fails to disclose that appellee had any knowledge of the unperfected interest of the appellant bank. The effort of the appellant to impart knowledge to the purchaser at the tax sale (namely Jack Koehl) of a prior unperfected security interest in the property about to be sold (and in this case after sealed bids had been submitted) served no lawful purpose. This is not such "actual knowledge" to the appellee of the existence of a prior lien which will make the federal lien invalid under section 6323(c) and within the definition of section 6323(b). To rule otherwise would make a Federal tax lien sale a nonentity and could lead to many abuses. We concur with the view that the government's lien should prevail over the bank's lien in this case. *United States v. Equitable Life*, 384 U.S. 323, 327, 86 S.Ct. 1561, 1564, 16 L.Ed.2d 593 (1966); Gilmore, Security Interest in Personal Property (Little, Brown (1965) vol. II, ch. 40, pp. 1047-1073, referred to in *Sams v. Redevelopment Authority*, 261 A.2d 566 (Pa. 1970).

With respect to the diesel powered Hy Hoe, a different question is presented. Was the bank's lien perfected on February 18 and 19, 1970, on filing of the financial statement, which was long before the filing of the

notice of the government's lien against the taxpayer, PSD Sewer Contractors, Inc., on April 8, 1971? Appellee argues that the bank's lien was not perfected. He apparently contends that the federal law determines the nature of the taxpayer's interest in the property to which the lien attaches as well as a priority. He cites Code section 6323(h)(1) to the effect that the bank's lien came into being on the date May 29, 1971 (the date of the last note), and not on February 14, 1970 (the date of the fire note), and therefore, the bank's lien is subordinate to the federal lien which became effective on April 8, 1971, when the notice of tax lien was filed.

■■■ We disagree. The state law and not the federal law controls the nature and extent of the security interest or lien. The several notes given to the bank dated from February 14, 1970 (the first), to May 29, 1971 (the last), were intended by the parties as a single, related transaction in the simplest form. "The general rule is that where a note is given merely in renewal of another note and not in payment, the renewal does not extinguish the original debt nor change the debt except that it postpones the time of payment." *Continental Illinois Nat. Bank & Trust Co. v. Cardwell*, 287 Ill.App. 227, 4 N.E.2d 770.

■■■ The bank's security interest in the Hy Hoe attached when the agreement was made and became "choate and perfected" by filing the financial statement on February 18 and 19, 1970, as required by the Uniform Commercial Code, sections 9—201 and 9—304(1), ch. 26, Sec. 9—201, 9—304(1) Illinois Revised Statutes 1971. A valid tax lien was filed on April 8, 1971. The bank's lien had priority over the federal lien and "is not extinguished by the tax sale but continues to be a lien on the property since what is sold is the taxpayer's right, title and interest in the property when the later federal lien attached upon filing." (*Streule v. Gulf Finance Corp.*, 265 A.2d 298 (1970); 26 U.S.C.A. 6323, 6339(a)(2).) Under the federal law the creditor's security interests are protected and the bank's lien continues to have priority over the Federal lien for unpaid taxes.

We conclude that appellee is entitled to possession of the General 12 ton trailer with Pintle Hook, but that the Model 580 diesel powered Hy Hoe is wrongfully detained by the appellee and that appellant is entitled to recover possession of the same.

Since the record of the appeal shows no proof of damages for wrongful detention of the Hy Hoe by the defendant, there is no basis for a ruling with respect to damages.

Affirmed in part. Reversed in part.

STOUDER and DIXON, JJ., concur.