581 A.2d 468

**WILLIAMS & CONNOLLY, et al.**

v.

**Philip C. BROWN.**

No. 15, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Nov. 5, 1990.

---

4. *See,* footnote 2 and accompanying text.

**642**

Paul Mogin (J. Alan Galbraith and Williams & Connolly, on the brief), Washington, D.C., for appellants.

Jack I. Leibovitch, Towson, for appellee.

Argued before GARRITY, ALPERT and KARWACKI, JJ.

ALPERT, Judge.

This appeal is about a tug-of-war between a federal tax lien and an unrecorded deed of trust concerning real property. Plaintiff/appellee Philip C. Brown sued defendants/appellants Williams & Connolly, Steven R. Kuney, Peter Kahn, and James McGuire for breach of contract, fraud, and negligence stemming from the execution of a deed of trust prepared for one of their clients, Charles W. Marmon, whom Brown was suing. The defendants moved for summary judgment. Brown then cross-filed for summary judgment against the defendants. The Honorable Bruce C. Williams of the Circuit Court for Anne Arundel County granted summary judgment in favor of Brown, who was awarded damages of $120,420.43. Appellants appeal that judgment, and ask us to consider seven issues. We need consider only one:

Did the circuit court err in holding defendants liable based on an alleged omission that did not cause the plaintiff any harm?

We will reverse based on our disposition of that issue.

## THE FACTS

This case evolved from an earlier lawsuit filed by Brown against Charles W. Marmon in 1983. In that case, Brown sued Marmon for specific performance, alleging that Marmon had made oral promises to give him shares of stock in a corporation Marmon had founded, but failed to give him the stock. Marmon was initially represented by Williams & Connolly; two attorneys at the firm, Steven R. Kuney and

Peter J. Kahn; and James A. McGuire, an Annapolis attorney.

On April 14, 1984, Marmon's motion to have Brown's complaint removed from the equity docket to the law docket was granted, subject to Marmon posting a bond of $45,000 pursuant to Md.Ann.Code art. 16, § 169 (1987).[1]  His counsel requested to post instead a deed of trust to two lots of real property owned by Marmon that had a value in excess of $45,000, as permitted by Article 16, § 169.  The deed of trust named three temporary trustees—Jack I. Liebovitch, Brown's attorney—and two of Marmon's attorneys, Kuney and McGuire.  It was submitted to the court by Marmon's counsel on April 27, 1984.

At Liebovitch's request, the property was independently appraised; it was given a value of between $74,000 and $78,000.  A joint letter was then sent to the court from Kuney and Leibovitch, informing the court of the appraisal, and stating that Liebovitch did not object to the court accepting the deed of trust as satisfactory security in the amount of $45,000.  On June 11, 1984, the court ordered that the case be transferred to the law docket and that the deed of trust be posted as bond.

While the suit was pending against Marmon, the United States assessed Marmon and his wife for unpaid taxes in the amount of $907,340.52.  The federal tax lien was recorded on March 20, 1985.  The State of Maryland made an assessment of $162,383.33 against the Marmons for unpaid

---

1.  That section provides:

> No court shall refuse to specifically enforce a contract on the mere ground that the party seeking its enforcement has an adequate remedy in damages, unless the party resisting its specific enforcement shall show to the court's satisfaction that he has property from which such damages may be made, or shall give bond, with approved security, in a penalty to be fixed by the court, to perform the contract or pay all such costs and damages as may, in any court of competent jurisdiction, be adjudged against him for breach or nonperformance of such contract.

*Id.*

state income taxes. That lien was recorded on September 18, 1984.

In 1985, pursuant to a disagreement with Marmon over how to proceed in *Brown v. Marmon,* the defendants received the court's permission to withdraw as counsel.

In the spring of 1986, Liebovitch contacted Kuney and informed him that the deed of trust had not been recorded.

On June 13, 1986, Brown and Marmon entered into a consent judgment which awarded Brown $76,000 and appointed Liebovitch as trustee to sell the property in order to satisfy the judgment. Liebovitch had the deed of trust recorded in August, 1986, and in October, 1986, he filed suit to quiet title in the United States District Court for the District of Maryland against the United States and the State of Maryland because of the tax liens attached to the property. On October 20, 1987, Chief Judge Harvey granted summary judgment for the United States. *Brown v. State of Maryland,* 699 F.Supp. 1149 (D.Md.1987), *aff'd,* 862 F.2d 869 (4th Cir.1988).

On April 13, 1987, Brown filed suit against defendants Williams & Connolly, Kuney, Kahn, and McGuire (hereafter collectively referred to as "the attorney defendants") in the Circuit Court for Anne Arundel County. Brown claimed that the attorney defendants had breached an alleged contract to preserve the property as security for any judgment. He also claimed that the attorney defendants, by allowing tax liens to attach to the property, had negligently breached a duty to preserve the property as security for any judgment that might be entered in *Brown v. Marmon.*

On November 4, 1987, the attorney defendants moved for summary judgment, contending, *inter alia,* that they did not cause the harm Brown complained of, because it was clear from Chief Judge Harvey's opinion that the federal tax lien would have had priority regardless of when the deed of trust was recorded. Subsequently, Brown cross-filed for summary judgment against the attorney defendants.

On June 29, 1988, the circuit court granted judgment for Brown and against the attorney defendants. The court ruled that the joint letter of June 5, 1984 from Liebovitch and Kuney constituted a contract in which the attorney defendants implicitly promised to preserve the property so that it would be available to satisfy a judgment up to $45,000. The court found the defendants liable for breach of contract. It also found that the failure to record the deed of trust was negligent and constituted a breach of the defendants' duties as trustees.

The court awarded Brown damages in the amount of $120,420.43, based on the value of the land involved ($76,-000), interest, costs, and the attorney's fees that he had been charged by Leibovitch in connection with the unsuccessful quiet title action. On December 14, 1989, final judgment was entered. A notice of appeal was filed on December 21, 1989.

## DISCUSSION

Appellants contend that the judgment below must be reversed because their alleged failure to record the deed of trust was not the cause of any harm Brown suffered. They reason that Brown's interest would have been defeated by the tax lien, no matter when the deed of trust was recorded, because (1) his property interest was contingent upon obtaining the judgment, and (2) he did not part with money or money's worth.

We are in accord with the appellants that Brown cannot establish causation. Even if the deed of trust been recorded in timely fashion, the relevant case law and statutory authority establishes that Brown did not satisfy the prerequisites that would have accorded the deed of trust preference over the federal and state tax liens.

"If property to which a tax lien has attached is held by a third party who also possesses a lien, the issue then becomes one of lien priority." *United States v. Bank of Celina,* 721 F.2d 163, 166 (6th Cir.1983). In disputes con-

cerning the priority of tax liens relative to other claims to property, federal law governs. *United States v. Wingfield,* 822 F.2d 1466, 1473 (10th Cir.1987); *United States v. Cache Valley Bank,* 866 F.2d 1242, 1244 (10th Cir.1989); *Bank of Celina,* 721 F.2d at 166.

Under 26 U.S.C. § 6321 (1988), unpaid taxes create "a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." *Id.* Unless otherwise stated by law, the section 6321 lien arises at the time the assessment is made and continues "until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable ..." *Id.* § 6322.

The federal tax lien overrides most competing liens. In *Bank of Celina,* the court stated, "One effect of a tax lien is that a third party possessing property or rights to property belonging to a taxpayer holds such property subject to the lien, unless the third party has a prior lien or comes within one of the exceptions of 26 U.S.C. § 6323." 721 F.2d at 166. Section 6323 provides that

> [t]he lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof [ ] has been filed....

26 U.S.C. § 6323.

■ For a prior lien to defeat a federal tax lien, it must be choate. The Court of Appeals recognized this principle in *Northwestern Nat'l Ins. Co. v. Wetherall,* 272 Md. 642, 325 A.2d 869 (1974), wherein the court stated:

> In the battle between the U.S. Government and its citizens relative to the priority of lien claims it has been held that the competing lien, if choate, is superior to the federal tax claim or lien. If it is inchoate, however, it is inferior to that claim or lien.

*Id.* at 647, 325 A.2d 869.

In *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), the Court stated that "liens

may ... be perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien and the amount of the lien are established." *Id.* at 84, 74 S.Ct. at 370. This test for choate liens has been applied by the federal and state courts in Maryland. *See, e.g., Aetna Cas. & Sur. Co. v. Sherwood Distilling Co.,* 271 F.Supp. 381, 388 (D.C.Md. 1967); *Back v. Internal Revenue Service,* 51 Md.App. 681, 687, 445 A.2d 1057 (1982).

The Supreme Court has determined that liens are inchoate when they are contingent upon a lawsuit's outcome. In *United States v. Acri,* 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955), the Court held that an attachment lien was inchoate "because, at the time the attachment issued, the fact and the amount of the lien were contingent upon the outcome of the suit for damages." *Id.* at 214, 75 S.Ct. at 241. The deed of trust here served the same legal function as an attachment lien; it held the property for the purpose of securing satisfaction of the judgment ultimately to be entered in the suit.

We agree with the appellants that under the criteria for choateness set out in *City of New Britain,* the deed of trust is plainly not a choate lien. The amount of the lien was not established, because it was contingent on Brown obtaining a judgment. Thus, the federal tax lien had priority because "[i]nchoate contingent liens do not divest the debtor of his ownership so as to displace the government's preference." *United States v. Security Trust & Sav. Bank,* 340 U.S. 47, 51, 71 S.Ct. 111, 114, 95 L.Ed. 53 (1950).

We are unconvinced by appellee's lengthy argument that recordation of the deed of trust would have passed title to the trustees. The Marmons did not convey "all their right, title and interest to the property," *see Brown v. State of Maryland,* 699 F.Supp. at 1152, as urged by appellee; they merely placed the property in trust as security for a debt. *County Trust Co. v. Stevenson,* 170 Md. 550, 553, 185 A. 435 (1936).

■ Having determined that the deed of trust does not constitute a choate lien, we will address the alternative grounds which would allow this deed of trust to defeat the tax lien; namely, if the deed constituted a valid security interest. Under 26 U.S.C. 6323(h)(1), a security interest

exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation and (B) to the extent that, at such time, *the holder has parted with money or money's worth.*

*Id.* (emphasis added). Treas Reg. § 301.6323(h)–(1)(a)(3) provides that "consideration not reducible to a money value [is not] a consideration in money or money's worth." *Id.*

We agree with the appellants that since the deed of trust expressly states that no monetary consideration was given for the deed, the deed did not qualify as a security interest. Because no "money or money's worth" was exchanged, it was irrelevant whether the deed was promptly recorded. *United States v. 3809 Crain Ltd. P'ship,* 884 F.2d 138, 142 (4th Cir.1989).

■ Having established that the appellants did not cause the harm complained of by the appellee, because the federal tax lien was incontrovertibly superior to the deed of trust, we reverse the circuit court's decision.

JUDGMENT REVERSED; APPELLEE TO PAY THE COSTS.