**UNITED STATES of America**

v.

Charles B. BLEASBY, Nelson F. Stamler, County of Bergen and The Board of Chosen Freeholders of the County of Bergen,

Charles B. Bleasby, County of Bergen and The Board of Chosen Freeholders of the County of Bergen, Appellants.

No. 12513.

United States Court of Appeals Third Circuit.

Argued April 24, 1958.

Decided June 25, 1958.

Rehearing Denied July 28, 1958.

Milton T. Lasher, Hackensack, N. J., for appellants.

David O. Walter, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Chester A. Weidenburner, U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., on the brief), for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This controversy grows out of opposing claims of the United States and the County of Bergen, New Jersey to a fund of $127,000. This large amount in currency was seized by police officers of New Jersey as contraband subject to forfeiture in a raid upon premises occupied by an alleged bookmaker in Bergen County.[1] A few days after this state seizure the United States undertook to perfect a lien for taxes upon all property of the bookmaker and, in so doing, levied upon the aforesaid fund in the possession of the officer holding it in the name and right of the state.

Thereafter the County of Bergen proceeded in normal course, as provided in New Jersey Statutes, Annotated, Section 2A:152-9, to seek and obtain in the Superior Court of New Jersey a formal decree declaring the fund forfeited to the county as property used in a criminal activity. The Supreme Court of New Jersey affirmed the order of forfeiture. State v. Link, 1954, 14 N.J. 446, 102 A.2d 609. Thereafter, the present action was instituted by the United States against Bergen County, its Treasurer, and the state officer who had originally seized the money to establish the priority of the tax lien which the United States had filed and asserted after the confiscatory state seizure, but before the statutory forfeiture proceeding was initiated in the New Jersey court. The District Court held that the claim of the United States prevailed over the claim of the county. D.C.D.N.J.1957, 153 F.Supp. 724. The county has appealed.

The Supreme Court has gone very far in sustaining the priority of United States tax liens over antecedent liens under state law, where it has been possible to view the state lien as still "inchoate" when the tax lien was perfected. United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Liverpool & London & Globe Ins. Co., 1955, 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. White Bear Brewing Co., 1956, 350 U.S. 1010, 76 S.Ct. 646, 100 L.Ed. 871, reversing per curiam 7 Cir., 227 F.2d 359; United States v. Security Trust & Savings Bank, 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53. However, this case presents the special and unusual situation of the United States attempting to attach a tax lien to property actually in possession of the state after its seizure as contraband subject to forfeiture to the state. True, after seizure

---

1. The pertinent New Jersey statute provides that "any money * * * seized * * * in connection with any arrest for violation of * * * any gambling law * * * shall be deemed prima facie to be contraband of law as * * * part of a gambling operation. * * *" N.J.S.A. 2A:152-7. Provision is also made for subsequent judicial proceedings for final disposition of the money. N.J. S.A. 2A:152-9, 10.

it still remained for the state to pursue the prescribed procedure for obtaining a formal decree of forfeiture. But this does not alter the fact that the United States has tried to impose a lien on property after it has passed into the actual possession of another government under sovereign claim of right to keep it in furtherance of the policy of its criminal laws. Thus, the United States is asserting an extraordinary power greater than and different from that involved in the cases above cited or any others upon which the United States relies. But we do not have to resolve the very real difficulties which this question presents, because this case can, and we think should, be decided on another ground.

■ In the circumstances here the judgment of forfeiture bars the United States from challenging the title of Bergen County. The controlling principle is that stated in the Restatement, Judgments, § 2, comment a:

"A valid judgment in rem cannot be collaterally attacked. It is in accordance with public policy that when the rights have once been finally determined, the question of the existence of the rights cannot be again litigated. It is in the interest of the successful party and of the public that the matter should be finally determined in the proceeding in which it is decided. It is immaterial that the decision was erroneous on the facts or on the law; and it is immaterial whether the persons whose rights in the thing were affected did or did not avail themselves of an opportunity to object to the judgment."

A more detailed examination of the forfeiture proceeding in the state court will demonstrate the applicability of this principle.

■ The Treasurer of Bergen County brought the forfeiture suit in accordance with state law in the Superior Court of Bergen County where the res was situated. Asserting his official custody of the $127,000 and the existence of adverse claims by the gambler from whom it had been taken, by the United States and by others, the Treasurer asked that the court decree the forfeiture of the money "to the sole use and gain of the County of Bergen." Notice and instruction to show cause why this forfeiture should not be ordered as prayed was served upon the several claimants, including the Director of Internal Revenue, as representative of the United States. The United States then contented itself with a filing denying the authority of the court to adjudicate its rights. It did not elect to participate in the trial of the merits of the claim, although it was not dismissed from the proceeding. After hearing the parties who elected to contest the county's claim, the court issued a final order, which is not part of the record in the present case, but which we judicially notice. That judgment recites, among other things, the service of a rule to show cause upon the Director of Internal Revenue and his refusal to recognize the jurisdiction of the court. It also recites the presence of an Assistant United States Attorney at the settlement of the form of judgment. In its operative provisions the judgment reads as follows:

"* * * Ordered and Adjudged that the sum of $127,000.00 in currency presently held by the County Treasurer of Bergen County by virtue of the seizure aforesaid, be and the same is hereby forefeited to the sole use and gain of the County of Bergen as contraband of law as part of the gambling operations of the defendant, Leo Link."

Certain private claimants appealed and this judgment of forfeiture was in due course affirmed by the Supreme Court of New Jersey in State v. Link, supra.

■■ Thus, it appears that the State court undertook comprehensively to adjudicate title to property in State custody. The property was physically and legally within the jurisdiction of the court. Forfeiture actions of this kind are normally and properly viewed as ac-

tions in rem. Restatement, Judgments, § 32, comment a. In such a proceeding it is up to all claimants who received proper notice to choose at their peril between pressing their claims or permitting the matter to go by default.

As claimant of an interest in a fund thus properly before a state court for disposition, the United States stood in no different position than any other interested party. This point is authoritatively decided in United States v. Bank of New York and Trust Co., 1936, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331. In that federal suit the United States, believing it was entitled to a fund being administered by a state court, sought "to take the property * * * from the control of the state court, and to vest the property in the United States to the exclusion of all those whose claims are being adjudicated in the state proceedings." 296 U.S. at page 478, 56 S.Ct. at page 347. In disposing of the objection of the United States to having its rights adjudicated against its wishes in the state proceeding, the Court had this to say:

"The fact that the complainant in these suits is the United States does not justify a departure from the rule which would otherwise be applicable. * * * The government insists that the United States is entitled to have its claim determined in its own courts. But the grant of jurisdiction to the District Court in suits brought by the United States does not purport to confer exclusive jurisdiction. * * * Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by the Constitution and laws of the United States whenever those rights are involved in any suit or proceedings before them. * * * In this instance, it cannot be doubted that the United States is free to invoke the jurisdiction of the state court for the determination of its claim, and the decision of the state court of any federal question which may be presented upon such an invocation, may be reviewed by this court, and thus all the questions which the government seeks to raise in these suits may be appropriately and finally decided." 296 U.S. at page 479, 56 S.Ct. at page 348.

In brief, the United States, as claimant of a tax lien on a fund, has had formal notice of a proceeding in a court with jurisdiction over that fund, to determine title to the res. Indeed, the United States was admonished to show cause why the fund should not be forfeited to the state. And, it is familiar and normal procedure for the United States to undertake to vindicate its tax liens in suits instituted in state courts by some other claimants of rights in the property. E. g. United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520; United States v. Vorreiter, 1957, 355 U.S. 15, 78 S.Ct. 19, 2 L.Ed.2d 23; United States v. Colotta, 1955, 350 U.S. 808, 76 S.Ct. 82, 100 L.Ed. 725. Here, for whatever reason, the United States has thought that it could safely disregard this state proceeding and the resultant judgment in rem establishing title to the fund. But this is a mistaken idea. The full and unqualified ownership of the fund by Bergen County has been duly determined and judicially decreed. The United States, like any other litigant, must respect the binding force of this judgment in rem by a court with jurisdiction over the res.

The judgment will be reversed.

On Petition for Rehearing

PER CURIAM.

In a petition for rehearing the United States argues that notice of the institution of the forfeiture proceeding in the state court served upon the Director of Internal Revenue in his official capacity was not notice to the United States. The short answer is that the Director is the successor in office to the officer who, acting for the United States, both undertook to perfect a tax lien on

the fund in controversy and gave notice of the government's claim to the state officer who held the fund. We find wholly unpersuasive and hardly consistent the government's position that the officer thus responsible for asserting and vindicating the government's claim against the fund is not a representative through whom it receives adequate notice that a certain court has acquired jurisdiction over that fund and proposes to dispose of it as may be lawful.

Of course, the New Jersey court made no attempt to exercise jurisdiction in personam over the United States. The state court merely exercised jurisdiction in rem over a fund, originally seized by the state before the United States even asserted any lien, and later submitted by its state custodian to a court of competent jurisdiction for the adjudication of rights therein.

The petition is denied.