**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome B. BLUHM, Intervening
Defendant-Appellant.**

**No. 17228.**

United States Court of Appeals
Seventh Circuit.

July 25, 1969.

As Modified on Denial of Rehearing
Sept. 5, 1969.

Maurice P. Raizes, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., Crombie J. D. Garrett, Stephen H. Hutzelman, Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before KILEY, FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

The United States sought to enforce a federal tax lien against a parcel of real estate owned by intervening defendant-appellant Bluhm. The District Court granted summary judgment for the United States from which Bluhm appeals.

On December 24, 1966, the United States filed suit to reduce various tax liens to judgment against defendants John A. Amos and Gertrude P. Amos. A default judgment was entered against John and Gertrude Amos in the amount of $210,101.13 and a separate judgment against John Amos, alone, for $9,575.25. The Amos' owned a parcel of real estate located at 831 Ashland, Wilmette, Illinois. Notices of federal tax liens were filed with the Recorder of Deeds as follows:

| Taxable Year | Date of Assessment | Date Notice of Tax Lien Filed |
| --- | --- | --- |
| 1950 | May 23, 1958 | September 3, 1958 |
| 1951 | May 23, 1958 | September 3, 1958 |
| 1952 | May 23, 1958 | September 3, 1958 |
| 1953 | May 23, 1958 | September 3, 1958 |
| 1954 | February 3, 1961 | April 10 and 24, 1961 |
| 1957 | September 27, 1963 | February 4, 1964 |
| 1958 | September 27, 1963 | February 4, 1964 |

On February 27, 1962, the Amos' not having paid the real estate taxes for 1960, the real estate was sold at a tax sale and a certificate of sale was issued to Bonded Municipal Corporation. No redemption having taken place within the provided time, Bonded sought the issuance of a tax deed in the Circuit Court of Cook County. In November, 1964, notice of the action in Circuit Court was given to the District Director of Internal Revenue, Chicago, Illinois, the United States District Attorney for the Northern District of Illinois and the Attorney General of the United States, Washington, D. C. The United States did not respond and on June 18, 1965, a tax deed was issued. By mesne conveyances defendant Jerome Bluhm acquired title. Bluhm intervened in the proceedings below and now appeals from an adverse determination.

The provisions of 28 U.S.C. § 2410 were not followed in the state court since, although the United States was given notice of this litigation, it was not named a party to the proceedings in the state court and, therefore, the United States claims that the tax sale in the state court constituted a suit against the United States without its consent.[1] However, in

1. § 2410. Actions affecting property on which United States has lien

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.

(b) The complaint shall set forth with particularity the nature of the interest or lien of the United States. In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States at-

United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960), the Court held that § 2410 was not the exclusive remedy where the Government held a junior lien and that the sale of mortgaged property by the sheriff without joining the junior lienholders was not barred by sovereign immunity. Bluhm contends that under *Brosnan* it does not matter whether the United States was a junior or a senior lienholder.

This Court has repeatedly rejected the contention that because a fee owned by a taxpayer was already encumbered by a lien which enjoyed seniority under state law, the Government's lien necessarily attached subject to that lien. *A fortiori,* the "property" to which the federal lien can attach is not diminished by the particular means of enforcement possessed by a competing lienor to whom federal law concedes priority. 363 U.S. at 241, 80 S.Ct. at 1111.

The Court in *Brosnan* concluded that even as a junior lienholder, the Government had an interest in the property and rejected the criterion established in United States v. Cless, 254 F.2d 590, 592 (3d Cir. 1958), as to whether the Government was an indispensable party under the state law. In Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939), where the United States held the fee in trust for the Chippewa Indians and in United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941), where the United States owned the fee, the Court held that the United States was an indispensable party to any proceeding as to the land. While the Court in *Cless* was incorrect in concluding that the criterion was whether or not the United States was an indispensable party under local law, whether or not the Government is an indispensable party under federal law may be determinative.

torney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow.

(c) A judicial sale in such action or suit shall have the same effect respecting the discharge of the property from liens and encumbrances held by the United States as may be provided with respect to such matters by the local law of the place where the property is situated. A sale to satisfy a lien inferior to one of the United States, shall be made subject to and without disturbing the lien of the United States, unless the United States consents that the property may be sold free of its lien and the proceeds divided as the parties may be entitled. Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem. In any case where the debt owing the United States is due, the United

States may ask, by way of affirmative relief, for the foreclosure of its own lien and where property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of its claim with expenses of sale, as may be directed by the head of the department or agency of the United States which has charge of the administration of the laws in respect of which the claim of the United States arises.

(d) Whenever any person has a lien upon any real or personal property, duly recorded in the jurisdiction in which the property is located, and a junior lien, other than a tax lien, in favor of the United States attaches to such property, such person may make a written request to the officer charged with the administration of the laws in respect of which the lien of the United States arises, to have the same extinguished. If after appropriate investigation, it appears to such officer that the proceeds from the sale of the property would be insufficient to wholly or partly satisfy the lien of the United States, or that the claim of the United States has been satisfied or by lapse of time or otherwise has become unenforceable, such officer shall so report to the Comptroller General who may issue a certificate releasing the property from such lien.

This court believes that where the United States is the senior lienholder, it is an indispensable party under federal law. The Internal Revenue Code sets out detailed provisions as to the attachment, continuation and release of tax liens. Int.Rev.Code of 1954 §§ 6321–6344. Questions arising under these provisions are to be determined under federal law "regardless of whether the federal statutory scheme specifically deals with them or not." United States v. Brosnan, 363 U.S. 237, 240, 80 S.Ct. 1108, 1110 (1960). Section 6323 of Int.Rev.Code of 1954 provides that a federal tax lien is not "valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed * * *." The implication of Section 6323 is that the Government's lien is senior if it attaches prior to a competing lienor and notice is given. United States v. Crest Finance Co., 291 F.2d 1 (7th Cir. 1961). If the Government's lien is not the first to attach, the lien of the Government is junior, and the Government under federal law is not an indispensable party in a state court proceeding. United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108 (1960). However, where the Government is the holder of a senior lien, the Code would seem to require that the United States be an indispensable party to all litigation affecting its interest in the property. Cf. United States v. Roessling, 280 F.2d 933, 935–936 (5th Cir. 1960). As the Court said in United States v. City of Greenville, 118 F.2d 963, 965 (4th Cir. 1941), "After the lien provided by the statute attaches, the property has in a sense two owners, the taxpayer and, to the extent of the lien, the United States. Commissioner of Internal Revenue v. Coward, 3 Cir. [1940], 110 F.2d 725, 727. The lien cannot be affected by state legislation respecting the recording or registering of mortgages or liens."

We agree with the Government that the state proceedings, here, was an unconsented suit against the United States. While the Supreme Court in *Brosnan* refused to extend the doctrine of sovereign immunity when the United States and other junior lienholders "were not, nor required to be made, parties to the proceedings," 363 U.S. at 237, 80 S.Ct. at 1108, here, because the United States is an indispensable party, sovereign immunity is applicable. The Alien, 7 Wall. 152. The Government's senior lien cannot be extinguished in any proceeding without its consent to be sued, Metropolitan Life Insurance Co. v. United States, 107 F.2d 311, 314 (6th Cir. 1939), and consent was not given to the suit in the Circuit Court of Cook County.

Bluhm, relying on United States v. Bleasby, 257 F.2d 278 (3d Cir. 1958), claims that ownership of the property was determined in an *in rem* action in state court and the state court judgment cannot be collaterally attacked. In *Bleasby*, the state seized the proceeds of a bookmaking operation in a raid. Under the laws of New Jersey, contraband is forfeited to the state after a formal decree of forfeiture is obtained. While the state was in possession of the contraband, the United States filed a federal tax lien. The state court, in a proceeding in which the United States was not a party, entered a decree of forfeiture. The Third Circuit held that the *in rem* action in state court could not be collaterally attacked. *Bleasby* is distinguishable because that case involved the special area of contraband. When the federal tax lien attached, the bookmaker was no longer the owner of the property. The state was in possession with the right to obtain the property by forfeiture. This is no more a suit against the United States than the suit in United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108 (1960).

Bluhm next contends that under the Federal Tax Lien Act of 1966, he is entitled to the property. There is no disagreement that the Federal Tax Lien Act of 1966 creates a superpriority for real estate tax liens if the state so provides. The problem, however, is whether the Act is retroactive.

The Act provides:

SEC. 114. EFFECTIVE DATE.

(a) *General Rule.*—Except as otherwise provided, the amendments made by this title shall apply after the date of enactment of this Act, regardless of when a lien or a title of the United States arose or when the lien or interest of any other person was acquired.

(b) *Exceptions.*—The amendments made by this title shall not apply in any case—

(1) in which a lien or a title derived from enforcement of a lien held by the United States has been enforced by a civil action or suit which has become final by judgment, sale, or agreement before the date of enactment of this Act; or

(2) in which such amendments would—

(A) impair a priority enjoyed by any person (other than the United States) holding a lien or interest prior to the date of enactment of this Act;

(B) operate to increase the liability of any such person; or

(C) shorten the time for bringing suit with respect to transactions occurring before the date of enactment of this Act.

80 Stat. 1125, 1146.

Congress intended that whether or not the tax liens of the United States or the liens of the local government attached before November 2, 1966, the effective date, the superpriority for local tax liens under the 1966 Act applies. This meaning of the provision is derived by reading the General Rule with Exception (b) (1): Under this provision if the United States' enforcement of its lien has not "become final by judgment, sale, or agreement before the date of the enactment of this Act * * *" the superpriority will apply. H.Rep.No.1884, 89th Cong. 2nd Sess. 81–82, 1966–2 Cum.Bull. 815, 873; S.Rep.No.1708, 89th Cong. 2nd Sess. 35–36, 1966–2 Cum. Bull. 876, 901. Here, while the suit by

the United States in the District Court was not filed until after the effective date, the local real estate tax liens were foreclosed on February 27, 1962. Since the property had already been sold for local taxes, the local government no longer had a lien on the property. Congress did not intend to include within the superpriority created by the 1966 Act local liens which ceased to exist because of foreclosure. The Circuit Court of Cook County in 1964 could not adjudicate the rights of the federal government based on its prior filed tax lien under a law that did not exist until 1966. Thus, the federal tax liens are a valid encumbrance on the property of the taxpayer and were not discharged in the real estate tax sale.

Affirmed.