**LATIPAC, INC., Plaintiff,**

v.

**GENERAL TIRE & RUBBER CO. et al.,
Defendants.**

No. C–69 469.

United States District Court,
N. D. California.

Aug. 27, 1971.

Jay P. Sanders, Tinning & DeLap, Walnut Creek, Cal., Burd, Hunt & Friedman, San Francisco, Cal., for plaintiff.

Bruce D. Gillies, Donahue, Gallagher, Thomas & Woods, Oakland, Cal., for General Tire & Rubber Co.

Stephen M. Chandler, Chandler & Bruner, San Leandro, Cal., for Braddock, Logan & Valley.

Joseph H. Inglese, Roger M. Hughes, San Francisco, Cal., for Stores Collection Bureau of Alameda County and Anderson & Perkins, Inc.

Edward N. Jackson, San Francisco, Cal., for California Collection Agency, Inc.

Donald E. Anderson, San Francisco, Cal., for George Ballard Co.

Peter Kakures, Oakland, Cal., for Collection Service, Inc.

Nat Frankel, Oakland, Cal., for G. Delaney.

Hardin, Fletcher, Cook & Hayes, Oakland, Cal., for Oliver De Silva, Inc.

Roy E. Hamrick, San Leandro, Cal., for San Leandro Rock Co.

John F. Wells, Stark, Stewart, Simon & Sparrowe, Oakland, Cal., for Ruth M. Lee.

Thomas C. Lynch, Atty. Gen., William L. Shaw, Deputy Atty. Gen., Sacramento, Cal., for State of California, Director of Employment.

James L. Browning, Jr., U. S. Atty., Edward O. C. Ord, Asst. U. S. Atty., Tax Division, San Francisco, Cal., for United States of America.

Fred E. Avera, Quaresma, Avera, Benya, Hall & Haun, Fremont, Cal., for Clements Construction Co., Inc. and La Vista Quarries, Inc.

## MEMORANDUM AND ORDER

CONTI, District Judge.

This is an action in interpleader which was originally filed in the Superior Court of the State of California, in and for the County of Marin. The case is presently before the court on individual motions for partial summary judgment by defendants United States of America, Oliver De Silva, Inc., General Tire and Rubber Co., and Braddock, Logan & Valley Co. The undisputed facts can be summarized as follows:

The plaintiff, Latipac, Inc., became a judgment debtor of J. W. Lee & Co. in the amount of $150,000.00, upon the entry of a judgment in its favor in said amount in a civil action in the Superior Court of Marin County. Pursuant to a stipulated Consent to Entry of Judgment in said Superior Court case, the judgment debtor, Latipac, Inc., on October 23, 1969, filed this action in interpleader in the Superior Court of Marin County and pursuant thereto paid a fund of $90,390.73 into the registry of that court. The United States subsequently removed the action to this district court.

The following tables were submitted by the United States. With one possible exception noted infra, they accurately set forth the nature of the claims of each of the defendants:

TABLE I

| (a)<br>Defendant Creditor<br>of LEE | (b)<br>Type of Claim | (c)<br>Claimed effective<br>date of lien on<br>Chose in Action | (d)<br>Amount<br>of Claim |
|---|---|---|---|
| Oliver De Silva, Inc. | Assignment | 5–6–63 | $ 10,343.80 |
| General Tire &<br>Rubber Co. | Judgment | 11–9–64 | 15,097.50 |
| State of California<br>Director of Employ-<br>ment | Judgment | 11–13–64 | 3,201.37 |
| Stores Collection<br>Bureau (Alameda<br>County) | Judgment | 6–6–66 | 2,544.20 |
| Anderson & Perkins | Judgment | 6–6–66 | 8,511.00 |
| Braddock, Logan<br>& Valley | Judgment | 7–6–66 | 26,602.77 |
| State Compensation<br>Insurance Fund<br>(George Ballard<br>assignee) | Judgment | 3–21–67 | 2,953.09 |
| California Collection<br>Agency, Inc. | Judgment | 6–12–67 | 2,176.35 |
| Clements Construc-<br>tion Company | Judgment | 7–11–67 | 4,398.15 |
| La Vista Quarries, Inc. | Judgment | 7–11–67 | 621.68 |
| Collection Service Inc.[1] | Judgment | 10–2–67 | 15,423.25 |
| G. Delaney | Judgment | 3–31–69 | 335.68 |
| San Leandro Rock<br>Company | Judgment | 8–18–69 | 78,893.67 |
| Ruth M. Lee | Judgment | 8–18–69 | 20,400.00 |
| | Total outstanding claims | | 191,502.51 |

1. In its answer, Collection Service, Inc. claims the sum of $15,239.46 by virtue of its Abstract recorded with the County Recorder of Alameda County on July 7, 1967.

TABLE II

| (a)<br>Type of Tax<br>and Periods | (b)<br>Date of<br>Assessment | (c)<br>Date notice<br>of lien filed<br>(Ala. County) | (d)<br>Date notice<br>levy served<br>on Latipac | (e)<br>Bal. of<br>Assessment<br>Due & owing |
|---|---|---|---|---|
| Withholding<br>& F.I.C.A.<br>(2nd Q. '63) | 9–19–63 | 10–3–63 | 10–3–63<br>8–18–64 | $10,104.21 |
| F.U.T.A (1963) | 2–28–64 | 4–13–64 | 8–18–64 | 877.87 |
| Withholding<br>and F.I.C.A.<br>(1st Q. '64) | 5–19–64 | 5–25–64 | 8–18–64 | 1,273.53 |
| Excise (1957<br>thru 1963) | 7–2–64 | 8–14–64 | 8–18–64 | 766.20 |
| Corporation<br>Income Tax<br>(1960 & 1961) | 7–2–64 | 8–14–64 | 8–18–64 | 6,851.55 |
| F.U.T.A. (1963) | 3–19–65 | 5–13–65 | 8–8–69 | 360.94 |
| | | | TOTAL | 20,234.30 |
| | | | INTEREST ACCRUED: | 8,476.81 * |
| | | | LIEN FEES: | 20.00 |
| | | | GRAND TOTAL DUE<br>AND OWING: | 28,731.11 ** |

\* Computed at statutory rate of 6% per annum (26 U.S.C. § 6601) from assessment dates through May 31, 1971.

\** Plus interest to accrue after May 31, 1971, at $3.15 per diem.

Most of the defendants' claims are based on liens on the chose in action underlying the interpleaded fund which were derived from "order for Lien" granted by the Superior Court of Marin County in J. W. Lee & Co.'s action against Latipac, Inc. These liens were obtained pursuant to Section 688.1 of the California Code of Civil Procedure. The claim of De Silva is based on a written assignment of certain funds (Table I) and the claim of the State Compensation Insurance Fund is based on a "stipulation for Lien" (Table I). The liens of the United States are based upon unpaid assessments of internal revenue taxes made against J. W. Lee & Co., notices of federal tax liens filed, and levies made on the plaintiff Latipac in respect of said assessments. (See Table II).

With respect to each of the motions for partial summary judgment, the findings of this court are as follows:

*Motion for partial summary judgment in favor of the United States*

■ Section 6321 of the Internal Revenue Code of 1954 provides for the imposition of a tax lien upon all property and rights to property in which the delinquent taxpayer has an interest. It arises as a secret lien, effective from the date of the assessment of the tax. Section 6323, however, provides that as to certain groups—purchasers, holders of security interests, mechanics lienors or judgment creditors—the government's tax lien is not valid until it is filed in the office designated by state law for such tax lien filings.

■ Priority of federal tax liens over competing liens is a matter of federal law. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955); United States v. Equitable Life Ass'n Soc. of the U. S., 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966); United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964). In determining the priority of federal tax liens and nonfederal liens, the common law rule of "first in time is first in right" controls. United States v. Equitable

Life Ass'n Soc. of U. S., supra. "However, in determining the priority of liens against a government tax lien, the one which is first in time will be deemed first in right if, and only if, the one first in time is specific and perfected in the federal sense." United States v. Truss Tite, Inc., 285 F.Supp. 88 (S.D.Texas 1968). Therefore, only a lien which is perfected prior to the date that the federal tax is assessed (or before the federal tax lien is filed if competing lien is covered by Section 6323) will be entitled to priority over the federal lien.

■ In the instant case most of the defendants claim to have perfected judgment liens on the fund and, accordingly, come within the protection of Section 6323, i. e., the government's lien will not be valid as to them unless it is properly filed.

In looking at Tables I and II, it is clear that only three claimants contend that they have liens on the chose in action which arose prior to May 13, 1965, the latest date that any of the federal tax liens were filed. The total of these three claims plus the government's claim does not exhaust the fund. Therefore, even if we assume that the liens of Oliver De Silva, Inc., General Tire & Rubber Co. and State of California, Director of Employment have priority over the Government's liens, the government is entitled to summary judgment *if it has properly filed its liens*.

Section 6323 provides that federal tax liens are to be filed in the office designated by state law for such tax lien filings. Prior to January 1, 1968, California law (Calif. Government Code § 27330) required the filing of notices of federal tax liens to be made "in the office of the county recorder of the county within which the *property* subject to the lien *is situated*." In the present case the question arises as to where the intangible personal property "is situated".

The government contends that intangible personal property is situated in the domicile of the taxpayer, which in the case of a corporation is the county in which its principal place of business is lo-

cated. Accordingly it filed its liens in Alameda County.

In opposition to the government's motion for summary judgment, defendant Braddock, Logan & Valley contends that the situs of a cause of action is the county in which the cause of action is being prosecuted—where the personal property itself is located.

This court is not aware of any California decision which discusses the situs of intangible personal property within the meaning of Section 27330 of the California Government Code. However, in United States v. Spreckels, 50 F.Supp. 789 (N.D.Calif.1943), the district court held that with regard to the taxpayer's intangible personal property the proper place for the filing of government tax liens is in the county where the taxpayer resides—the situs of such property. Although the court did not expressly discuss California law, it must have considered said law as it was controlling with respect to the proper place to file government tax liens.

■ Further, it is generally held that the situs of intangible personal property is the domicile of its owner. In the absence of a contrary statutory or common law definition of the situs of personal property within the meaning of Section 27330, this court feels that the most reasonable construction is that the taxpayer's domicile is the situs of all of his intangible personal property.

■ Accordingly, it is the finding of this court that the United States properly filed its tax liens in Alameda County, the principal place of business of J. W. Lee & Co. From the affidavits on file with this court it is clear that there is no genuine issue of fact with respect to the motion of the United States for summary judgment and, therefore, it is the order of this court that said motion be, and it hereby is, granted. The United States shall prepare a form of judgment in accordance with the foregoing.

*Motion for partial summary judgment in favor of Oliver De Silva, Inc.*

Defendant Oliver De Silva, Inc. contends that prior to April 25, 1963, it completed certain paving work for J. W. Lee & Co. On April 25, 1963, Oliver De Dilva, Inc. accepted from J. W. Lee & Co., as payment for said paving work, a promissory note in the sum of $10,343.80, accompanied by an assignment from J. W. Lee & Co. of $10,343.80 of the monies due to Lee from Latipac, Inc. for work done *on the Peacock Gap Subdivision No. 2.* Subsequently, the sums due from Latipac to J. W. Lee became the subject of an action filed in the Superior Court of Marin County as discussed, supra.

Oliver De Silva, Inc. bases its claim in this action on said assignment of funds, which occurred on May 6, 1963, prior to the alleged effective dates of any of the claims of other defendants in this action. Oliver De Silva, Inc. contends that its affidavits show that the assignment by Lee was valid and prior in time to any of the claimed liens on the interpleaded fund. Therefore, it is submitted that as a matter of law Oliver De Silva is entitled to partial summary judgment for the entire amount of its claim.

It is the finding of this court that with respect to Oliver De Silva's motion for summary judgment there remains a genuine issue of fact and that, therefore, the motion must be denied. In its amended complaint J. W. Lee & Co. alleged in its second cause of action that Latipac was indebted to Lee in the sum of $735,306.-24 "on an account for work, labor, materials and equipment supplied for defendants at their special instance and request in the improvements upon the premises herein described." The "premises" of defendant upon which plaintiff had worked included lands within the boundary of Peacock Lagoon Unit No. 1; lands within the boundary of Marin Bay Unit No. 2a; and lands within the boundary of Peacock Lagoon Unit No. 2.

■ Plaintiff Lee recovered $150,000.-00 on its second cause of action. The problem, however, is that the judgment was for work performed on all three premises of the defendant mentioned above, while the assignment by J. W. Lee to Oliver De Silva was only with regard

to money owed by Latipac to J. W. Lee for services performed on Peacock Lagoon No. 2. De Silva's affidavits do not establish what portion of the $150,000.00 judgment is attributable to the work done on Peacock Lagoon No. 2.

Therefore, it is the finding of this court that there is a genuine issue of fact which must be resolved at trial and it is, accordingly, the order of this court that defendant Oliver De Silva, Inc.'s motion for summary judgment be, and it hereby is, denied. In light of the above disposition of the motion, it is unnecessary for this court to determine at this time the validity and priority of the rights of Oliver De Silva, Inc. by reason of the assignment.

*Motions for partial summary judgment in favor of General Tire & Rubber Co. and Braddock, Logan & Valley Co.*

Both General Tire & Rubber Co. and Braddock, Logan & Valley Co. base their claims on liens obtained on the cause of action of J. W. Lee & Co. against Latipac, Inc., pursuant to § 688.1 of the California Code of Civil Procedure. In support of their motions they contend that competing liens under § 688.1 should be satisfied on a first-in-time, first-in-right basis. Parties who oppose these motions for summary judgment contend that competing liens under § 688.1 should be paid on a pro rata basis.

It is the finding of this court that this substantive issue need not be decided at this point in that even if this court accepts the construction of § 688.1 as posited by the moving parties, there are still genuine issues of fact which exist.

General Tire and Braddock submit that when § 688.1 is read together with § 2897 of the California Civil Code, it is clear that each lien claimant in this action, proceeding under § 688.1, has priority in accordance with the date of the order granting such lien. In pertinent part, § 2897 provides:

"*Other things being equal*, different liens upon the same property have priority according to the time of their creation . . . ." (Emphasis added)

 In applying § 2897, the court is to consider the time of each lien's creation only after determining that in all other respects the liens are equal. Whether liens are equal in other respects is an equitable determination which this court feels should not generally be resolved on a motion for summary judgment.

Therefore, it is the order of this court that the priority of liens granted pursuant to § 688.1 will be determined after a trial. Accordingly, motions for partial summary judgment in behalf of General Tire and Rubber Co. and Braddock, Logan & Valley Co., are denied.