McCRAY REFRIGERATOR SALES CORP v LOGAN

Ohio Appeals, 8th Dist, Cuyahoga Co No 10608. Decided May 5, 1930

Robins, Sogg & Woodle, Cleveland, for Sales Corp.

Raymond J. Logan, Cleveland, for Logan.

SULLIVAN, J.

It is urged that this was not a proper procedure. It does not appear from the transcript that defendant, Logan, got leave of court to become a party defendant or a party to the proceedings in any manner but this remission was waived because counsel in court proceeded to try the question as to the right of property by virtue of the pleading of the third party so-called. This raised the question as to the truth of the affidavit for the order of attachment and garnishment, because as a basis for the garnishment, to collect upon the judgment against Osborne, the monies attached necessarily must have been the property of Osborne. Therefore the question arose as to whether the money was Osborne's or Logan's and from the testimony in the case, and especially the exhibits, we find that by the status which existed prior to the garnishment and the date of the hearing,

October 16, 1929, was that Osborne had parted, by assignment, with the money to Logan and that Logan had absolute ownership therein and consequently the statement in the affidavit for garnishment that the money belonged to Osborne, had no foundation in fact and consequently the attachment of the money had no merit in law.

The weight of the testimony is the vital issue after all. It appears by the record that when the third party claimant rested his case that then and thereupon plaintiff rested and thus, with the exception of the affidavit, there was nothing to contravert the statement as to ownership as testified to by Logan. It is a well settled proposition of law that where there is counter-testimony in a motion to dissolve an attachment, that in the absence of further testimony on the part of the party attaching, that the claim for attachment must fail. The reason for this is that the assertion of fact in the affidavit is mainly for the purpose of securing the attachment and not for the purpose of creating testimony as to any issue of fact that may arise thereon, unless additional testimony is offered.

The trial was in the nature of a hearing upon a motion to dissolve. At any rate the trial proceeded upon the theory that the issue was the ownership of the funds and upon that issue the court below found for claimant, Logan, and in this judgment of the lower court we unanimously concur.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.