SHEAHAN, APPELLEE, *v.* DEPARTMENT OF LIQUOR CONTROL
ET AL., APPELLANTS.

[Cite as Sheahan v. Dept. of Liquor Control (1974), 44
Ohio App. 2d 393.]

(No. 7617—Decided June 21, 1974.)

*Mr. William J. Brown,* Attorney General, *Mr. Norman P. Solze* and *Mr. James M. Guthrie,* for appellants.
*Mr. James E. McCormick,* for appellee.

Brown, J. Defendant Ohio Department of Liquor Control appeals from the final order of the Lucas County Court of Common Pleas, Domestic Relations Division, in the divorce and child support action of *Sheahan* v. *Sheahan,* as to that part of the order which overruled the department's motion to be dismissed as a party-defendant and which granted plaintiff's motion, filed pursuant to R. C. 3113.21, that "defendant, Department of Liquor Control, shall withhold from wages due to the defendant, William J. Sheahan, the sum of $47.50 per week, and pay the same to the Toledo Humane Society, under the provisions of Sec. 3113.10, R. C., said payments to continue until further order of the trial court."

The Ohio Department of Liquor Control asserts the following three assignments of error:

"First Assignment of Error

"The Department of Liquor Control is not a proper party under either Section 4301.10, Revised Code, or Section 3113.21, Revised Code, in a suit ordering them to withhold child support payments from an employee's paycheck.

"Second Assignment of Error

"Section 3113.21, Revised Code, pertains only to child support payments and is not a garnishment proceeding wherein it would be necessary to join the State Auditor and Treasurer before any deductions could be withheld from an employee's paycheck.

"Third Assignment of Error

"The Common Pleas Court of Lucas County erred in exercising jurisdiction over the Department of Liquor Control when only the Common Pleas Court of Franklin County has jurisdiction."

These assignments of error are not well taken. We affirm the lower court judgment.

Under the first assignment of error, the Department of Liquor Control argues that it is not a proper party, under either R. C. 4301.10 or R. C. 3113.21, in a child support case. It advances the following legal proposition to sustain that conclusion. It is well settled that the sovereign may not be sued without its consent, *State, ex rel. Williams,* v. *Glander* (1947), 148 Ohio St. 188, and that Section 16, Article I, Ohio Constitution, which provides for a waiver of sovereign immunity, is not self-executing and legislative authority is necessary to effect the waiver. *Krause* v. *State* (1972), 31 Ohio St. 2d 132; *Wolf* v. *Ohio State University Hospital* (1959), 170 Ohio St. 49; *Palumbo* v. *Indus. Comm.* (1942), 140 Ohio St. 54; *Raudabaugh* v. *State* (1917), 96 Ohio St. 513. Such legislative authority to restrict and limit sovereign immunity, as it applies to the Ohio Department of Liquor Control, appears in R. C. 3113.21 and R. C. 115.46, discussed later in this opinion.

The department further argues that suits by or against it are limited to the category provided in R. C. 4301.10(B), as follows:

"(B) The department may: (1) Sue, but may be sued only in connection with the execution of leases of real estate and such purchases and contracts necessary for the operation of the state liquor stores that are made under Chapters 4301. and 4303. of the Revised Code."

It argues that the trial court disregarded the mandate of R. C. 4301.10(B) (1) when it permitted the withholding of earnings (garnishment) of defendant Sheahan, owed to him by the Department of Liquor Control.

The authority and jurisdiction of the trial court to entertain legal proceedings and to order wages of Mr. Sheahan, held by the Department of Liquor Control, is not ex-

clusively controlled by R. C. 4301.10(B). The jurisdiction of the trial court to make such order stems from R. C. 3113.21, the pertinent parts of which provide:

"Withholding personal earnings to pay support; when bond required.

"(A) In any action where support is ordered under Chapter 3115 * * * where it appears to the court making such order that the person ordered to pay such support has failed to make payments in accordance with the order, the court * * * may order the employer to withhold from the personal earnings of such person * * * *the amount ordered for support plus poundage and to continue such withholding each pay period until further order of the court.*" (Emphasis ours.)

Although R. C. 3113.21 is not labeled a proceeding in garnishment, and the word "garnishment" is not used in the body thereof, it is substantially and, in essence, a garnishment statute. R. C. 3113.21 (formally R. C. 3113.23) provides for the garnishment of earnings to enforce a support order. The meaning of the word "garnishment," as seen in the law term "garnishee," is that a person who owes or holds money belonging to another is warned by order of court not to pay it to his immediate creditor, but to a third person who has obtained or may obtain a final judgment against that creditor. 5 Ohio Jurisprudence 470, Attachment, Section 2. R. C. 3113.21 refers therein to R. C. Sections 2329.62, 2329.66, 2329.70 and 1911.40, exemptions of certain authorized personal earnings from garnishment, and thereby makes apparent that R. C. 3113.21 is intended to provide a special statutory garnishment framework for the support of dependents. *McClain* v. *McClain* (1971), 26 Ohio App. 2d. 10, at page 12.

The jurisdiction of the trial court to enforce R. C. 3113.21 against the state, or any of its agencies, to compel the withholding of wages of a state employee to satisfy a claim against the employee is provided by R. C. 115.-46, which provides:

"Garnishment of state employees.

"Any creditor or judgment creditor of an employee or

officer of the state is entitled to maintain against the state any action or proceeding in attachment, garnishment, or in aid of execution to subject to the payment of his claim or judgment any salary, wages, or other compensation owing to any such employee or officer from the state, in the same manner, to the same extent, and in the same courts that any creditor or judgment creditor might, under the laws of this state, subject moneys due his debtor or judgment debtor from any person, partnership, firm, or corporation.''

For the foregoing reasons, the first assignment of error is not well taken.

It is argued in the second assignment of error that R. C. 3113.21, which deals with the withholding of personal earnings to pay child support, does not, in any clause thereof, authorize anyone to sue the state of Ohio to withhold such earnings. On the contrary, R. C. 3113.21(A) and R. C. 115.46, when construed together, compel any employer, including the state and any of its agencies, after notice is given as required in an action for support, pursuant to R. C. 3113.21, to comply with a court order to pay support by withholding personal earnings as to such support.

The word ''employer'' as used in R. C. 3113.21 is not defined or restricted to natural persons or corporations, and is broad enough to include the state of Ohio and all of its departments and agencies. Further, the Department of Liquor Control is set up under the statutes which takes the department out of the general agency of the state of Ohio and makes it a separate body corporate which can sue and be sued in its own name so that it is also subject to garnishment. *Dispatch Printing Co.* v. *Hain* (1935), 2 Ohio Op. 187; *C. D. Peters Ice & Coal Co.* v. *Zopf* (1935), 3 Ohio Op. 299; 1962 Ohio Atty. Gen. Opin. 981, No. 3488; 5 Ohio Jurisprudence 2d 557, Attachment, Section 146. Thus, since the word ''employer'' includes a corporate body, it thereby includes the Department of Liquor Control.

No statutory provision or judicial precedent is cited by the department for its argument that the state Auditor or state Treasurer are necessary parties to this proceeding

before the court can make a valid order to compel the Department of Liquor Control to withhold the personal earnings of its employee.

On the contrary, the last paragraph of R. C. 115.46 permits the garnishment or a proceeding in aid of the execution of wages due a state employee by the mere serving of a notice of such garnishment or proceeding in aid of execution upon the Auditor and without making that Auditor a party-defendant. The statute completely omits any reference to the state Treasurer and thus notice need not be given to that officer. The second assignment of error is not well taken.

The department argues further, under the third assignment of error, that only the Franklin County Court of Common Pleas has jurisdiction over actions involving the Board of Liquor Control, by virtue of R. C. 4301.31, which provides:

"No court, other than the court of common pleas of Franklin county, has jurisdiction of any action against the board of liquor control, the director of liquor control, or the department of liquor control, to restrain the exercise of any power or to compel the performance of any duty * * *."

The present proceedings to garnishee or withhold wages due William J. Sheahan from the Department of Liquor Control, and the order to withhold wages are ancillary to the legal action of Eileen Sheahan against William J. Sheahan, and is not "any action against the board of liquor control * * * or the department of liquor control * * *" within the meaning of R. C. 4301.31. Also, it is not an order "to restrain the exercise of any power or to compel the performance of any duty * * *" as such phraseology is used in that statute. Therefore, R. C. 4301.31 is not applicable to the facts in this case.

Furthermore, the trial court in the present case never entered an order making the Department of Liquor Control a party of record, even though the court, with its order requiring the personal earnings of the defendant withheld by the Department of Liquor Control, also found and ordered as follows:

"* * * The Court further finds that plaintiff's motion is well taken and should be granted and defendant's motion to dismiss them as a party defendant should be overruled.

"It is, therefore, ordered, adjudged and decreed that plaintiff's motion to withhold child support payments is granted, and defendant, Ohio Department of Liquor Control's motion to dismiss them as a party defendant is overruled."

The foregoing order overruling the motion of the department to be dismissed as a party-defendant did not make the department a party of record because no earlier order existed establishing the department as a party of record.

Under R. C. 115.46, the Department of Liquor Control need not be made a party of record to the divorce action resulting in the support order which the court enforced by ordering the department to withhold wages pursuant to R. C. 3113.21, but the proceedings, pursuant to R. C. 115.-46, could be maintained "in the same manner, to the same extent, and *in the same courts* that any creditor or judgment creditor might, under the laws of this state, subject moneys due his debtor or judgment debtor from any person * * * or corporation." The above phraseology of R. C. 115.46 also authorizes the present ancillary garnishment proceedings against the Department of Liquor Control in the Court of Common Pleas of Lucas County, and did not require such proceedings enforced in a separate action only in the Court of Common Pleas of Franklin County, pursuant to R. C. 4301.31. In an action by a creditor against his debtor maintained in one county, such as Lucas County in the present case, a garnishment proceeding ancillary thereto permits that court in the original and principal action by the creditor against his debtor to order a person or corporation as garnishee, who resides in another county, to appear and answer, pursuant to R. C. 2333.13, in that county concerning the funds such person or corporation owes the debtor. Therefore, the Department of Liquor Control, as a corporate body located in Franklin County, was amenable to the garnishee process issued in the principal action from the Court of Common Pleas of Lucas

County. For the foregoing reasons, the third assignment of error is not well taken.

The judgment of the common pleas court is affirmed, and this cause is remanded to that court for an execution of judgment.

*Judgment affirmed.*

POTTER, P. J., and WILEY, J., concur.

WILEY, J., concurring. I concur in the judgment, but do not concur with that portion of the opinion which states that R. C. 3113.21 is substantially and in essence a garnishment statute. I do concur in the definition of the word "garnishment," and have no quarrel with the legal citations set forth, except the case of *McClain* v. *McClain* (1971), 26 Ohio App. 2d 10, wherein the court referred to the provisions of R. C. 3115.23 (now R. C. 3114.21) as "the garnishment provisions." A garnishment is a form of an attachment and there can be no attachment of property which is not in existence; an attachment will not lie for unearned wages. Cf. *Union Properties, Inc.,* v. *Patterson* (1944), 143 Ohio St. 192; R. C. 2715.19 and R. C. 2715.29; *Martin* v *Gayle* (1858), 13 Ohio Decisions Reprint 54. See, also, *Garnishment in Ohio: Where is it now,* 32 Ohio St. L. J. 856 (1971), and annotation, 56 A. L. R. 601, 629-634.

R. C. 3113.21 is a special statutory remedy to enforce child support orders, and to the extent that it permits the court to order the employer to withhold from the personal earnings of any person the amount ordered by the court for support, *and to continue such withholding each pay period until further order of the court,* it goes beyond the theory of attachment. Such a court order is not an attachment, nor a garnishment in the accepted legal meaning of these words. Paragraph C of R. C. 3113.21 indicates this distinction when it makes reference to "when an order of attachment or an order in aid of execution is issued such order shall be subordinated to any support order as provided in Division (A) of this section."

Even though R. C. 115.46 does not specifically indicate that a state employee is subject to a support order granted under R. C. 3113.21, we find that the state legislature, in effect, did subject employees to such court orders by the specific words of R. C. 3113.21, which became effective October 31, 1971. This latter section made no exception in its directive that "the employer" could be ordered to withhold certain sums from the personal earnings of employees. Construing R. C. 3113.21 and R. C. 115.46 together indicates a legislative intent to permit the state, as an employer, to be subject to support orders granted under R. C. 3113.21. It should be noted that these sections do not permit the state to be sued generally for claims against it, and in this sense do not involve the sovereign immunity doctrine. As an employer, the state now provides for many payroll deductions, such as federal income tax, state income tax, community chest, insurance, savings bonds and others. It should not be any additional burden upon the state to make deductions from an employee's earnings as a result of a support order.

I would find assignments of error 1 and 3 not well taken, but would find assignment of error 2 well taken only insofar as the support order is not a garnishment proceeding. Inasmuch as the state of Ohio is really the employer in the sense that the employees of the Liquor Control Department are presumably paid through the state treasury, the notice required by R. C. 3113.21 should be sent to the Auditor of the state and should set forth the name of the office, department, division, board, bureau, or commission in which such employee is employed. In other words, the notice of the support order would be sent to the Auditor in much the same manner as the notice of attachment, garnishment, or proceedings in aid of execution must be served upon the Auditor under R. C. 115.51.