**In re Robert J. FLYNN, Debtor.**

**Bankruptcy No. 99–30692.**

United States Bankruptcy Court, N.D. Ohio.

Aug. 18, 1999.

Gordon R. Barry, Toledo, OH, for Debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon Pamela Smith's Objection to the Debtor's claim of an Eight Hundred Dollar ($800.00) exemption in a Bank Account (hereinafter "Bank Account") the Debtor maintains with Citizens National Bank. The Debtor brings his claim of exemption in the Bank Account under O.R.C. §§ 2329.66(A)(4)(a) and (A)(18). Pamela Smith, although not disputing the Debtor's right under Ohio law to claim the exemption, argues that as the result of a prejudgment garnishment order issued in her favor by the Huron Court of Common Pleas,

she has an interest in the Bank Account superior to that of the Debtor's exemption.

On April 27, 1999, the Court held a Hearing on the matter, at which time the following factual information was presented to Court:

—The Debtor is currently incarcerated in Marion County, Ohio;

—Pamela Smith, on behalf of the minor child Andrew Luxon, brought a civil action against the Debtor to recover monetary damages which were allegedly incurred by Andrew Luxon on account of the Debtor's criminal conduct;

—No final judgment has yet been rendered against the Debtor in the civil case commenced by Pamela Smith on behalf of Andrew Luxon;

—The Debtor conveyed away significant personal assets in close proximity to the time in which Pamela Smith's civil action against the Debtor was brought;

—On February 26, 1999, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code;

—The Debtor currently maintains a Bank Account at Citizens National Bank having an approximate balance of Twenty Five-Thousand Dollars ($25,000.00);

—The Debtor's Bank Account with Citizen National Bank is subject to a prejudgment garnishment order issued on January 5, 1998, by the Huron County Common Pleas Court;

—Pamela Smith, on behalf of Andrew Luxon, is the garnishor of the Debtor's Account with Citizens National Bank;

—The prejudgment garnishment order was issued in response to the potential liability the Debtor may have to Pamela Smith and Andrew Luxon in the pending civil action.

The Parties stipulated at the Hearing that the disposition of Pamela Smith's Objection would hinge on the time at which Ohio law deems a prejudgment garnishment order perfected.[1] At the conclusion of the Hearing, the Court informed the Parties that it was taking the matter under advisement, and in accordance therewith the Court ordered the Parties to file supporting briefs within established deadlines. These deadlines have now passed, and thus the Court now considers the matter ripe for resolution based upon the arguments which are presently before it. Based upon a review of these arguments, and for the following reasons, the Court finds that the garnishment order issued in favor of Pamela Smith is superior to the Debtor's claim of exemption in the Bank Account, and thus Pamela Smith's objection to the Debtor's claim of exemption will be Sustained.

## DISCUSSION

■ An exemption is a right, usually afforded by statute, which allows a debtor to shield certain property from the claims of creditors. Under the Bankruptcy Code the effect of a debtor exempting property is governed by 11 U.S.C. § 522(c) which provides, inter alia, that:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section

---

1. Specifically, the Parties agreed that if the prejudgment garnishment order issued in this case became perfected prior to the Debtor's bankruptcy petition, (i.e., when the prejudgment garnishment order was issued) then Pamela Smith's interest in the Account would be superior to that of the Debtor's. However, the Parties also agreed that the converse would be true, in that if Ohio law does not deem a prejudgment garnishment order perfected until the time the judgment is rendered (i.e., the garnishment order does not relate back), then the Debtor's exemption in the bank account would be superior to that of the garnishment order issued in Pamela Smith's favor.

544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed[.] prerequisite

▮ Thus, pursuant to § 522(c), property claimed as exempt by a debtor in a bankruptcy case is generally not subject to the claims of prepetition creditors during or after the bankruptcy case. However, under § 522(c)(2) exemptions may generally only be applied to unsecured debts, and thus property claimed as exempt is usually liable for any "debt secured by a lien." *See Finance One v. Bland (In re Bland)*, 793 F.2d 1172, 1173 (11th Cir.1986). The only exception to this rule being if the lien is avoided under any one of the circumstances specified in § 522(c)(2)(A). Specifically, an otherwise valid lien will not survive bankruptcy if: (1) the lien is void under 11 U.S.C. § 506(d) because it is not for an allowed secured claim; or (2) the lien is avoided under the lien avoidance provisions of 11 U.S.C. §§ 522(f), 522(g), 544, 545, 547, 548, 549 or 724(a). It should be noted, however, that contrary to the Parties' assertions, perfection of the lien is only relevant to the issue of whether the lien can be avoided under § 522(c)(2)(A), and does not affect whether the creditor holds "a debt secured by a lien" under subparagraph (2) of § 522. *See In re Eakin*, 153 B.R. 59, 60 (Bankr.D.Idaho 1993) (valid liens pass through a bankruptcy filing unaffected even if the lien could have been avoided so long as the lien was not in fact avoided).

In the present case there is no assertion by the Debtor that any of the conditions contained in subparagraph (A) of § 522(c)(2) are applicable. Thus, the sole question to the Court becomes whether Pamela Smith's cause of action against the Debtor, in conjuncture with her prejudgment garnishment order, would qualify for purposes of § 522(c)(2) as "a debt secured by a lien." In making this determination the Court will apply the definitions of "debt" and "lien" as set forth under § 101 of the Bankruptcy Code as there is absolutely no indication given in § 522(c)(2), or its legislative history, that a contrary interpretation is applicable. *See United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989) (when faced with a coherent and consistent statutory scheme, a court should work directly from plain meaning).

The Court now begins its analysis by determining whether Pamela Smith has a "debt" within the meaning of the Bankruptcy Code.

Under the Bankruptcy Code the term "debt" is defined in § 101(12) as a "liability on a claim." The Supreme Court has held that this term is essentially synonymous with the definition of a "claim" as set forth in § 101(5)(A), with the two terms simply referring to a single obligation as seen from the point of view of the debtor and the creditor, respectively. (i.e., a debtor has "debts," and a creditor has "claims"). *Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552, 558, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990). A claim is in turn defined in the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

▮ Applying these definitions to the instant case, the Court finds that Pamela Smith has a claim against the Debtor, and thus the Debtor owes a "debt" for purposes of determining whether Pamela Smith holds a "debt secured by a lien" under § 522(c)(2). In making this determination, the Court makes the following observations: First, the Court observes that the lack of a judgment in Pamela Smith's state court case does not denote that the Debtor does not owe a debt to Pamela Smith as a claim does not necessarily have to be reduced to a final judg-

ment in order to be valid. 11 U.S.C. § 101(5)(A). Second, the fact that Pamela Smith's cause of action against the Debtor may be unliquidated, contingent or disputed, again does not affect its validity. *Id.* Finally, Pamela Smith has a "right to payment," for purposes of establishing a "claim" under § 101(5), as such a right exists if at anytime before the bankruptcy petition is filed the injury giving rise to the right to payment manifests itself to the party holding the potential claim against the bankruptcy estate, even if both liability and damages are contested and unresolved.[2] *See generally Grady v. A.H. Robins Co.*, 839 F.2d 198, 202–03 (4th Cir. 1988), *cert. dism'd* 487 U.S. 1260, 109 S.Ct. 201, 101 L.Ed.2d 972 (1988); *Matter of Hi–Lo Powered Scaffolding, Inc.*, 70 B.R. 606, 610 (Bankr.S.D.Ohio 1987); *In re Dennis Ponte, Inc.*, 61 B.R. 296, 299 (9th Cir. BAP 1986).

The Court next turns to address whether the prejudgment garnishment order issued by the Huron County Court of Common Pleas constitutes a lien for purposes of § 522(c)(2).

■ Under § 101(37) of the Bankruptcy Code, a lien is defined as "charge against or interest in property to secure payment of a debt or performance of an obligation." In a bankruptcy case, a determination as to the existence of an "interest in property" is generally left to state law. *See Ohio v. Kovacs*, 469 U.S. 274, 286, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985) (concurring opinion of Justice O'Connor); *Claussen v. Brookings County, South Dakota (In re Claussen)*, 118 B.R. 1009, 1016 (Bankr.D.S.D. 1990); *In re Taddeo*, 9 B.R. 299, 305

(Bankr.E.D.N.Y.1981); *In re Dulaney*, 29 B.R. 79, 81 (Bankr.W.D.Va.1982) (an exception to this rule being if following state law would frustrate or debilitate federally enacted policy). Thus, in the case sub judice, determining whether Pamela Smith, as a result of the prejudgment garnishment order, acquired a "charge against or an interest in" the Debtor's Bank Account requires an examination of Ohio law.

■ Under Ohio law a prejudgment garnishment action is essentially an action for attachment. *See* O.R.C. § 2715.091; *Rice v. Wheeling Dollar Savings & Trust Co.*, 163 Ohio St. 606, 612, 128 N.E.2d 16 (1955) (prejudgment garnishment under § 2715 is one method of attachment); *see also McCray Refrigerator Sales Corp. v. Logan*, 36 Ohio App. 201, 201 172 N.E. 699, 700 (1930). In an action for attachment, Ohio law provides that "[a]n order of attachment shall bind the property attached from the time of service." O.R.C. § 2715 .19; *see also Holly v. Dayton View Terrace Improvement Corp.*, 25 Ohio Misc. 57, 63, 263 N.E.2d 337, 341 (1970). Examining this statutory language, the Court finds that the use by the Ohio State Legislature of the word "bind" in the statute exhibits an intent to confer upon a plaintiff, obtaining a prejudgment garnishment order, a property interest in the garnishee's and, by implication, the defendant's property[3] from the time service of the garnishment order is accomplished. Accordingly, the Court finds that pursuant to O.R.C. § 2715.19, Pamela Smith obtained a lien for purposes of § 101(37) at the time the prejudgment garnishment order,

**2.** Some courts have held that a "right to payment" also includes future claims, with a future claim being defined as a claim against a debtor for an injury or disease that has not as yet become manifest at the time the debtor has filed for bankruptcy, but is based upon the occurrence, prior to the bankruptcy, of one or more material events, acts, or failures to act involving the debtor. *Hassanally v. Republic Bank (In re Hassanally)*, 208 B.R. 46, 49 (9th Cir. BAP 1997).

**3.** Under Ohio law a garnishment action has been held to mean a situation whereby a person who owes or holds money belonging to another is warned by order of court not to pay it to his immediate creditor, but rather to pay or hold the money in favor of a third person who is a creditor of his immediate creditor. *Sheahan v. Dep't of Liquor Control*, 44 Ohio App.2d 393, 396, 339 N.E.2d 840, 843 (1974).

issued by the Huron County Court of Common Pleas, was served upon Citizens National Bank.[4] In making this determination, the Court was aided by the following three considerations:

First, Ohio law has designated an attachment lien as "an execution in advance" and deems the lien perfected at the time of attachment. *United States v. Acri,* 348 U.S. 211, 213, 75 S.Ct. 239, 241, 99 L.Ed. 264 (1955) citing *Rempe & Son v. Ravens,* 68 Ohio St. 113, 67 N.E. 282, 286 (1903); *Holly,* 25 Ohio Misc. at 63, 263 N.E.2d at 342. Second, the inchoate nature, under Ohio law, of a prejudgment garnishment lien does not affect whether such an interest qualifies as a "lien" under § 101(37) as the legislative history of this section specifically states that the definition includes "inchoate liens." H.Rep. No. 595, 85th Cong, 1st Sess. 312 (1977); S Rep No. 989, 95th Cong.2d Sess. 25 (1978); *see also In re Vienna Park Properties,* 976 F.2d 106, 113 (2nd Cir.1992). Finally, the legislative history of § 101(37) states that the definition of a "lien" includes "judicial liens,"[5] and case law addressing the issue has clearly held that "judicial liens" encompass prejudgment attachment and garnishment liens. *Coston v. Coston (In re Coston),* 65 B.R. 224, 226 (Bankr.D.N.M.1986); *In re McNeely,* 51 B.R. 816, 819 (Bankr.D.Utah 1985).

In summary, the Court holds, for purposes of § 522(c)(2), that Pamela Smith's prejudgment garnishment order obtained against the Debtor was a "debt secured by alien." Consequently, Pamela Smith's interest in the Debtor's Bank Account is superior to that of the Debtor's exemption. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Objection by Pamela Smith, on behalf of Andrew Luxon, to the claim of an Eight Hundred Dollar ($800.00) exemption made by the Debtor, Robert J. Flynn, in a Bank Account maintained at Citizens National Bank be, and is hereby, *SUSTAINED.*

---

4. The facts presented in this case do not reveal exactly when this event occurred, however, it is presumed that such an event took place prior to the time in which the Debtor filed his bankruptcy petition.

5. Judicial liens are defined under § 101(36) of the Bankruptcy Code as encompassing all "lien[s] obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."